DECISION
{¶ 1} Defendant-appellant, David L. Jordan, appeals from a judgment of the Franklin County Court of Common Pleas overruling his motion to withdraw his guilty plea. Defendant assigns the following error:
The Trial Court Abused It's [sic] Discretion And Erred In Not Allowing The Appellant To Withdraw His Guilty Plea After Sentencing Where Appellant's Guilty Plea Was Not Entered Into In A Knowingly And Intelligent Manner Where Defense Attorney Ineffectively And Purposely Mislead The Appellant Into Entering A Guilty Plea In Violation Of The Fifth, Sixth, AndFourteenth Amendment To The United States Constitution, And Section 10, Article I, Of The Ohio Constitution.
Because the trial court properly overruled defendant's motion, we affirm.
 {¶ 2} By indictment filed August 31, 2001, defendant was charged with one count of failure to comply with an order or signal of a police officer, one count of fourth degree felony receiving stolen property, and four counts of fifth degree felony receiving stolen property. Although defendant originally entered a not guilty plea, on November 14, 2001 defendant changed his plea to guilty for failure to comply with an order or signal of a police officer, burglary, fourth degree felony receiving stolen property, and one count of fifth degree felony receiving stolen property. The trial court sentenced defendant pursuant to a hearing held January 4, 2002; a judgment entry finalizing the convictions and sentence was filed on January 7, 2002.
 {¶ 3} On July 2, 2002, defendant filed a "Petition to Vacate and/or Set Aside Judgment/Plea, Pursuant to R.C. § 2953.21." In the memorandum in support of his motion, defendant asserted he should be allowed to withdraw his guilty plea because it was not made voluntarily or intelligently. Specifically, defendant contended he "believed and understood that he would receive a six (6) month criminal sentence with drug treatment programing [sic], pursuant to the legal advise [sic] of defense counsel. However, the petitioner received a six (6) year and three (3) month criminal sentence." The trial court conducted an evidentiary hearing on August 15, 2002. By entry filed April 15, 2003, the trial court overruled defendant's "Motion to Withdraw the Guilty Pleas." (Entry, at 2.)
 {¶ 4} In his single assignment of error, defendant contends the trial court erred in failing to conclude defense counsel misled defendant into pleading guilty by informing defendant he would receive a six-month sentence with drug treatment programming when, instead, defendant received a sentence exceeding six years.
 {¶ 5} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit defendant to withdraw his plea." "[U]nder such standard, a post sentence withdrawal motion is allowable only in extraordinary cases." State v. Smith
(1977), 49 Ohio St.2d 261, 264. A defendant seeking to withdraw a guilty plea following an imposition of sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion. State v. Gegia, 157 Ohio App.3d 112,2004-Ohio-2124, citing State v. Ellis (Aug. 3, 1999), Meigs App. No. 98CA13. "[T]he good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, paragraph two of the syllabus. Whether to grant a motion to withdraw a guilty plea lies within the trial court's sound discretion. Gegia, supra.
 {¶ 6} Because the trial court conducted an evidentiary hearing on defendant's request to withdraw his guilty plea, the court's decision was based on more than the record from the plea proceedings or defendant's affidavit. The record, however, contains no transcript of the court hearing. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 7} We recognize that in filing his notice of appeal, defendant also filed a praecipe instructing the court reporter to prepare a transcript. No transcript, however, was filed and made a part of this record. Defendant attached to his "Newly Corrected Brief" a copy of what purports to be the transcript of the evidentiary hearing held in the trial court, but because it is not part of the record, we may not consider it. See, e.g.,Marinucci v. Marinucci (Sept. 7, 1999), Stark App. No. 99CA00067. Accordingly, without a transcript, defendant is unable to prove error in the trial court.
 {¶ 8} We thus are left with the trial court's recitation of the evidence as set forth in its entry overruling defendant's motion to withdraw his guilty plea. According to that entry, defense counsel testified "that at no time did he tell the defendant that he would receive drug treatment instead of incarceration. * * * [Defense counsel] further testified from the court transcript of the mitigation stage saying that `He (defendant) realizes that probation is not going to be a question for this Court.'" In addition, the court's entry notes the court questioned defendant in detail and ultimately concluded "that nothing was presented to form a basis for a withdrawal of a guilty plea." Premised on the trial court's entry, defendant's claim of error is unpersuasive.
 {¶ 9} Moreover, even if we were to examine the transcript defendant supplied with his "Newly Corrected Brief," the transcript would not change the result. To the contrary, the transcript makes clear that defense counsel unequivocally testified that "at no point in time did I ever promise to Mr. Jordan that he was going to receive an inpatient drug treatment program or a six-month inpatient treatment program. In fact, when we entered this plea in November, shortly thereafter, Mr. Jordan sent me a letter. And that letter is dated November 27th. He had already spoken with the PSI writer in the case. In that letter he states, "I seen Renee from the probation department; but like you, she doubts I will get probation or drug program because of my past record." (Tr. 6.)
 {¶ 10} At the conclusion of the evidentiary hearing, the trial court stated, "[b]ut I believe [defense counsel] when he said he didn't tell you that you were going to get a drug program. If you thought you were going to get a drug program, it may have come from your family. It may have come from someplace else. It didn't come from me. It didn't come from the prosecutor's office. And I believe it didn't come from [defense counsel]. So anyway on that basis, I'm going to overrule your motion." (Tr. 15-16.)
 {¶ 11} The transcript thus unquestionably demonstrates the trial court believed defense counsel. The determination of credibility is within the province of the trier of fact, and this court "may not substitute its judgment for that of the trial court regarding the credibility of testimony." State v. Kinley,
Clark App. No. 2001 CA 38, 2002-Ohio-1791, ¶ 1. Given the testimony and the trial court's assessment of it, the trial court properly overruled defendant's motion to withdraw his guilty plea.
 {¶ 12} Defendant contends, however, the trial court erred in failing to render findings of fact and conclusions of law in connection with its decision overruling defendant's application. Contrary to defendant's contention, no findings of fact and conclusions of law are necessary in determining a motion to withdraw a guilty plea. State ex rel. Chavis v. Griffin (2001),91 Ohio St.3d 50, 51. The trial court thus did not err even if it failed to render findings of fact and conclusions of law in connection with its determination of defendant's motion. Relying on State v. Mapson (1982), 1 Ohio St.3d 217, defendant nonetheless contends the trial court was required to issue findings of fact and conclusions of law because the caption of defendant's application referenced R.C. 2953.21.
 {¶ 13} The procedural posture of defendant's application in the trial court is ambiguous. Although defendant entitled his document a petition to vacate or set aside his guilty plea, his memorandum in support argues he should be allowed to withdraw his plea of guilty. In the final analysis, defendant's contentions are unpersuasive regardless of the posture in which we consider defendant's contentions concerning findings of fact and conclusions of law.
 {¶ 14} Specifically, without a transcript of the proceedings before the trial court, we are unable to assess the posture in which defendant's application was considered; instead we are required to assume the trial court proceeded correctly. Indeed, were we to consider the transcript attached to defendant's "Newly Corrected Brief," the transcript reveals that at the least defendant did not object to the trial court's characterizing the proceedings as a motion to withdraw a guilty plea, and thus arguably waived any error in the trial court's ruling on a motion to withdraw a guilty plea.
 {¶ 15} Even if defendant did not waive any error in the trial court's treating his application as a motion to withdraw a guilty plea, the record discloses no prejudice to defendant in the way the trial court proceeded on defendant's application. The essence of defendant's application was his contention that defense counsel misled him into entering a guilty plea. Whether that contention be framed in a petition to set aside his convictions or in a motion to withdraw a guilty, the net result is the same: the trial court believed defense counsel when he testified he never told defendant he would receive the sentence defendant claims in his application. Thus, under either procedural posture, defendant's contention would have been unpersuasive in the trial court.
 {¶ 16} Moreover, findings of fact and conclusions of law are designed to give the appellate court an understanding of the basis for the trial court's decision and thereby determine the grounds on which the court granted or denied the petition. Statev. Clemmons (1989), 58 Ohio App.3d 45. Although the trial court did not issue a document entitled "findings of fact and conclusions of law," the trial court's entry overruling defendant's application sets forth the seminal aspects of the evidentiary hearing and explains why the trial court overruled defendant's application. As such, the trial court's entry serves the purpose of findings of fact and conclusions of law in allowing this court to ascertain not only the basis for the trial court's determination, but also the propriety of that determination.
 {¶ 17} Lastly, defendant contends he is entitled to relief because defense counsel should have sought to merge defendant's conviction for failing to obey a signal or order of a police officer with his conviction for receiving a stolen automobile. InState v. Rance (1999), 85 Ohio St.3d 632, the Ohio Supreme Court set forth the test for determining when offenses merge under R.C. 2941.25. The first step requires that we compare the elements of the offenses. If they correspond to such a degree that the commission of one offense will necessarily result in the commission of the other, then the first step is met. The second step requires that we determine whether the offenses were committed with a single or separate animus.
 {¶ 18} Here, defendant's contentions fail under the first prong of Rance. One may receive a stolen automobile without failing to obey a signal or order of a police officer. Similarly, one may fail to obey the order or signal of a police officer without receiving a stolen auto. Defense counsel correctly did not ask the trial court to merge that which could not be merged under Rance.
 {¶ 19} For the foregoing reasons, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Brown and Klatt, JJ., concur.