JOURNAL ENTRY and OPINION
{¶ 1} Kerry Griffith appeals the trial court's denial of his motion to withdraw his guilty plea. He assigns the following two errors for our review:
"I. The trial court abused its discretion by denying appellant's motionto withdraw his guilty pleas (sic)."
 "II. The trial court abused its discretion by denying appellant'smotion to withdraw his guilty pleas (sic) without a hearing."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On April 11, 1996, the Cuyahoga Grand Jury indicted Griffith on one count of felonious sexual penetration and two counts of felonious assault, all with violence specifications. The charges stemmed from Griffith puncturing his wife's breast and sewing her vagina with a darning needle. Griffith pled guilty to one count of felonious assault, a felony of the second degree. The prosecution nolled the remaining counts. On December 2, 1996, the trial court sentenced Griffith to eight-to-fifteen years of incarceration.
 {¶ 4} On April 27, 2004, Griffith filed a motion to withdraw his guilty plea and requested an evidentiary hearing. Griffith attached to the motion an affidavit in which he stated he suffered a black-out during the night of the alleged felonious assault; therefore, he claimed to have no independent recollection of the events. Also attached to the motion was an affidavit by Dr. Andrew Stemar who stated the victim's medical records did not show injuries consistent with having her vagina sewed or breast punctured with a darning needle. Griffith failed to provide the trial court with a copy of the transcript from his plea hearing.
 {¶ 5} The trial court denied Griffith's motion without a hearing. Griffith now appeals.
 {¶ 6} Griffith contends in his first assigned error that the trial court abused its discretion by denying his motion to withdraw his plea. Griffith argues he cannot recall the events leading to his indictment because he suffered a black-out, and the victim's medical records do not indicate injuries consistent with her allegations that Griffith punctured her breast and sewed her vagina with a darning needle. Griffith contends because of this lack of evidence of guilt, his plea is invalid.
 {¶ 7} We initially note that both parties during oral argument and in their briefs reference facts from the guilty plea hearing, the presentence investigation report, and the victim's medical records, none of which are in the record before this court. Griffith has not provided this court with a copy of the transcript of the plea hearing or copies of the victim's medical records. The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assigned errors.[1] "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."[2] Because appellant failed to provide us with a complete record, we are unable to consider references to evidence outside the appellate record in resolving this appeal.
 {¶ 8} Consequently, we review this matter with the evidence before us, which consists of Griffith's motion to withdraw his plea, with attached affidavits by Griffith and Dr. Stemar, and the court's journal entries.
 {¶ 9} Crim.R. 32.1 permits the court to grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. "Manifest injustice" is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases.[3] The defendant, moving for a post-sentence withdrawal of a guilty plea, has the burden of establishing the existence of manifest injustice.[4] The decision whether to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court.[5] Therefore, the trial court's decision will not be reversed absent an abuse of discretion.[6]
 {¶ 10} From what we can glean from the record, Griffith argues he pled to an offense he did not commit. This alone is insufficient to withdraw a plea when there is a bargained for plea agreement. Griffith pled guilty to one charge and in exchange, the prosecution nolled the remaining charges. Griffith received the benefit of his bargain.
 {¶ 11} Additionally, we note Griffith is not arguing that he does not recall what occurred at the plea hearing or that he maintained his innocence when entering into the plea. Thus, he made a conscious choice to enter into the plea in spite of his inability to recall the events. A guilty plea is a complete admission of the defendant's factual guilt.[7]
A counseled guilty plea, voluntarily and knowingly given, removes the issue of factual guilt from the case.[8] Because Griffith failed to provide us with a transcript of the plea hearing, we presume that his plea was entered in accordance with Crim.R. 11(C), and was thus a voluntarily and knowingly entered plea.
 {¶ 12} Additionally, we are mindful that eight years has elapsed between his plea and his request to vacate the plea. This delay is unreasonable and becomes especially relevant when the defendant fails to provide this court with a complete record of the proceedings below.
 {¶ 13} "An undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."[9] The trial court could have properly considered Griffith's delay as a factor adversely affecting his credibility and militating against the granting of the motion. Moreover, although Griffith contends he did not review the medical records at the time of the plea, he does not dispute that his attorney had the records at that time. Consequently, we conclude the trial court did not abuse its discretion in denying Griffith's motion to withdraw his plea. Accordingly, Griffith's first assigned error is overruled.
 {¶ 14} In his second assigned error, Griffith contends the trial court erred by not conducting a hearing on his motion to withdraw his plea. We disagree.
 {¶ 15} A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea.[10] As stated in our discussion of Griffith's first assigned error, a guilty plea is a complete admission of the defendant's factual guilt. Therefore, a hearing was not necessary to determine Griffith's motion. Griffith's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Karpinski, J., Concur.
[1] Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409; Volodkevichv. Volodkevich (1989), 48 Ohio App.3d 313, 314.
[2] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
[3] State v. Smith (1977), 49 Ohio St.2d 261, 264.
[4] Id. at paragraph one of the syllabus.
[5] Id. at paragraph two of the syllabus.
[6] State v. Xie (1992), 62 Ohio St.3d 521, 526.
[7] Crim.R. 11(B)(1).
[8] State v. Siders (1992), 78 Ohio App.3d 699, 701, citing Mennav. New York (1975), 423 U.S. 61, 62, 46 L. Ed. 2d 195, 96 S.Ct. 241.
[9] Smith, supra, at 264.
[10] State v. Blatnik (1984), 17 Ohio App.3d 201, 204.