OPINION
{¶ 1} Appellant, Timothy Smith, appeals the judgment entry of the Trumbull County Court of Common Pleas denying his motion to withdraw his guilty plea. At issue is whether the withdrawal of appellant's guilty plea was necessary to correct a manifest injustice. For the reasons that follow, we affirm.
 {¶ 2} In the early morning hours of September 25, 2004, appellant's wife Lizette Smith ordered him to leave their residence on Kenwood Drive in Warren, Ohio. After appellant left the house, she packed his clothes and belongings and put them outside. *Page 2 
Later, appellant returned and forcibly entered the residence. He then stabbed his wife with a knife in her chest and arms 11 times. Three of these stab wounds were defensive in nature. Appellant left the house while his wife was bleeding to death, and fled the scene driving his car. The victim's minor child was in the house while appellant was stabbing the victim.
 {¶ 3} At approximately 1:00 a.m., the victim's sister arrived at the house and saw appellant leave the scene. She entered the house, discovered her sister's body, and called the Warren City Police. While the police were en route to the scene of the homicide, other Warren officers came upon a one-car accident in which appellant was seated in the driver's seat. Appellant made incriminating statements about his wife's death to the police and he was subsequently arrested.
 {¶ 4} On October 7, 2004, appellant was indicted by the Trumbull County Grand Jury on two counts of murder. Count one alleged that appellant murdered Ms. Smith by purposely causing her death, in violation of R.C. 2903.02(A) and (D). Count two alleged murder as a proximate result of appellant committing felonious assault, in violation of R.C. 2903.02(B) and (D).
 {¶ 5} On February 22, 2005, appellant waived prosecution by indictment, and asked that the matter proceed by information. On that date appellant entered a written guilty plea to voluntary manslaughter, a felony of the first degree, in violation of R.C. 2903.03(A) and (B), and aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (B). Appellant's guilty plea was incorporated in a judgment entry captioned, "Finding on Guilty Plea to Bill of Information." The written guilty plea included a stipulation that both parties would recommend to the trial court that appellant *Page 3 
be imprisoned for nine years on count 1 and nine years on count 2, the two terms to run consecutive to each other. Further, in exchange for appellant's guilty plea, the state agreed to enter a nolle prosequi with respect to the two counts of murder.
 {¶ 6} On February 22, 2005, pursuant to the parties' plea bargain and appellant's waiver of a probation report, the trial court sentenced appellant to nine years on each count, the two terms to be served consecutively. Appellant did not file an appeal or a petition for postconviction relief.
 {¶ 7} Two years and three months later, on May 16, 2007, while serving his prison sentence, appellant filed a pro se motion to withdraw his guilty plea, arguing he did not receive effective assistance of counsel. In support of his motion, he argued that: (1) he has a "low comprehension level;" (2) his attorney and the court never explained to him the elements of aggravated burglary; and (3) the state's recitation of the facts at the guilty plea hearing concerning the aggravated burglary was incorrect. As a result, he argued his guilty plea was not voluntary.
 {¶ 8} On May 29, 2007, the state filed a response to appellant's motion to withdraw, arguing that appellant had not shown a manifest injustice. The state argued there was no evidence in the record that appellant had a mental defect; the record showed appellant entered his plea voluntarily; and appellant accepted the state's recitation of the factual basis for the plea at the guilty plea hearing.
 {¶ 9} On June 20, 2007, the trial court entered judgment denying appellant's motion to withdraw his guilty plea without a hearing. The court noted appellant had failed to meet his burden to demonstrate a manifest injustice in that appellant had failed to produce any evidence concerning his mental capacity. The court also noted the *Page 4 
timing of appellant's motion, i.e., over two years after the entry of appellant's guilty plea, resulted in undue delay, which militated against the withdrawal of his plea. Finally, the court noted the record indicated appellant knowingly and voluntarily entered his guilty plea. Appellant filed a pro se appeal from the court's denial of his motion to withdraw, asserting the following two assignments of error:
 {¶ 10} "[1.] THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS [SIC] FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN DENYING APPELLANT TO WITHDRAW [SIC] HIS GUILTY PLEA THAT WAS INDUCED BY AN UNKEPT PROMISE WHERE THE RECORD COULD CAST NO LIGHT.
 {¶ 11} "[2.] THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AFTER APPELLANT SHOWED IN [SIC] HOW HIS GUILTY PLEA WAS INVOLUNTARY AND UNINTELLIGENTLY MADE."
 {¶ 12} Because the issues raised in the two assigned errors are interrelated, we shall consider them together.
 {¶ 13} Appellant argues the trial court abused its discretion in denying his motion to withdraw his guilty plea to aggravated burglary. He does not challenge his guilty plea to voluntary manslaughter. He argues his guilty plea to aggravated burglary was involuntary due to ineffective assistance of counsel because his attorney failed to keep his alleged promise that after serving two years of his sentence, his nine-year sentence *Page 5 
for the aggravated burglary conviction would be "dropped." He further argues the court's judgment denied him due process because the court failed to give him an evidentiary hearing. Appellant abandons on appeal the other arguments he asserted below in support of his motion to withdraw his guilty plea.
 {¶ 14} Initially, we note that appellant did not offer any evidence or even argue in the trial court that his attorney had told him that after serving two years, the sentence for his aggravated burglary conviction would be vacated. Instead, he argued below that his attorney told him that he could appeal his guilty plea after two years.
 {¶ 15} It is well-settled that a reviewing court will not consider questions that could have been, but were not, presented before the court whose judgment is sought to be reversed. State ex rel. Porter v.Cleveland Dept. of Public Safety (1998), 84 Ohio St.3d 258. An appellate court will generally not consider even a constitutional issue that was not raised in the trial court. State v. Awan (1986), 22 Ohio St.3d 120. Further, a litigant must adhere on appeal to the same theory on which the case was presented before the trial court. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112.
 {¶ 16} For the first time on appeal, appellant argues his trial counsel broke an alleged promise to appellant that after serving two years of his sentence, his nine-year sentence on the aggravated burglary conviction would be vacated. Because appellant failed to make this argument below, the trial court never had an opportunity to rule on it. Appellant thus waived this argument and cannot assert it for the first time on appeal.
 {¶ 17} Assuming that appellant had not waived this issue on appeal, appellant's argument would not have been well-taken. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to *Page 6 
correct manifest injustice the court after sentence may set aside the judgment of conviction and permit a defendant to withdraw his plea." A defendant who seeks to withdraw a guilty plea after sentence has the burden of establishing a manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, at paragraph one of the syllabus. Under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases to correct a manifest injustice. Smith, supra, at 264; State v.Glenn, 11th Dist. No. 2003-L-022, 2004-Ohio-2917, at ¶ 26; State v.Mack, 11th Dist. No. 2005-P-0033, 2006-Ohio-1694, at ¶ 15. The logic behind this high standard is "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." State v. Caraballo
(1985), 17 Ohio St.3d 66, at 67; State v. Peterseim (1980),68 Ohio App.2d 211, 213.
 {¶ 18} "Manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. Paramount in this determination is the trial court's compliance with Crim.R. 11(C), evidence of which must show in the record that the accused understood his rights accordingly." State v. Padgett (Jul. 1, 1993), 8th Dist. No. 64846, 1993 Ohio App. LEXIS 3374, *2. A defendant seeking to withdraw a guilty plea following the imposition of sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion.State v. Jordan, 10th Dist. No. 04AP-42, 2004-Ohio-6836, at ¶ 5.
 {¶ 19} The decision whether to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Smith, supra, at paragraph two of the syllabus; State v.Pearson, 11th Dist. Nos. 2002-G-2413 and 2002-G-2414, *Page 7 2003-Ohio-6962, at ¶ 7. The good faith, credibility, and weight of the movant's assertions in support of the motion are to be resolved by the trial court. Smith, supra; Jordan, supra, at ¶ 5. Accordingly, appellate review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a consideration of whether the lower court abused its discretion. Pearson, supra; Glenn, supra, at ¶ 27. An abuse of discretion connotes more than an error of law or judgment; rather, it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157. While there is no time limit for filing a motion to withdraw a guilty plea, an undue delay between the occurrence of the alleged cause for withdrawal of the plea and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Smith, supra, at paragraph three of the syllabus.
 {¶ 20} We note that appellant has failed to provide us with a transcript of the guilty plea hearing. Without a transcript of the change-of-plea hearing, this court must presume the regularity of the hearing. Mack, supra, at ¶ 17; Glenn, supra, at ¶ 33; Pearson, supra, at ¶ 11. "`When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" Jordan, supra, at ¶ 6, quoting Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "[Where] a transcript of the guilty plea hearing is not available, we cannot adequately determine whether appellant fully understood the sentencing consequences of his guilty plea, or what effect *Page 8 
the alleged misinformation would have had on his guilty plea. As a result, we cannot conclude that a manifest injustice has occurred."Mack, supra, at ¶ 19.
 {¶ 21} The transcript of the guilty plea hearing is necessary to determine whether, based on the change of plea colloquy, appellant fully understood the nature and consequences of his guilty plea.Glenn, supra, at ¶ 33. "The basic premise behind the guilty plea colloquy engaged in between the court and an accused is that the accused is entitled to all relevant information that would have a bearing on the decision to plead guilty." State v. Cvijetinovic, 8th Dist. No. 81534, 2003-Ohio-563, at ¶ 6. In short, the guilty plea hearing transcript affords the reviewing court an opportunity to evaluate whether the defendant's guilty plea was knowing and voluntary, and whether a manifest injustice occurred. Id.; see, also, Glenn, supra;Pearson, supra.
 {¶ 22} "Because [the defendant] failed to provide us with a transcript of the plea hearing, we presume that his plea was entered in accordance with Crim.R. 11(C), and was thus a voluntarily and knowingly entered plea." State v. Griffith, 8th Dist. No. 84760, 2005-Ohio-1500, at ¶ 11.
 {¶ 23} As noted supra, appellant failed to file the transcript of the guilty plea hearing. As a result, we must presume his plea was knowingly and voluntarily entered.
 {¶ 24} Appellant argues his guilty plea was involuntary because his attorney made an "unkept promise" that his sentence under the aggravated burglary conviction would be "dropped" after he served two years of his sentence. He argues that, due to this alleged promise, he received ineffective assistance of counsel, which amounted to a manifest injustice. We do not agree. *Page 9 
 {¶ 25} A properly licensed attorney is presumed to have rendered effective assistance to a defendant. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 26} In the context of a guilty plea, the standard of review for ineffective assistance of counsel is whether: (1) counsel's performance was deficient; and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error, the defendant would not have pleaded guilty. State v.Madeline, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332, 2002 Ohio App. LEXIS 1348, *9, citing Hill v. Lockhart (1985), 474 U.S. 52. The burden of proving ineffective assistance of counsel falls upon the defendant.Madeline, supra, at *10.
 {¶ 27} This court has held that "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance."Madeline, supra, citing State v. Sopjack (Dec. 15, 1995), 11th Dist. No. 93-G-1826, 1995 Ohio App. LEXIS 5572, *11, citing, State v. Haynes (Mar. 3, 1995), 11th Dist. No. 93-T-4911, 1995 Ohio App. LEXIS 780, *4-*5. "Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." Madeline, supra.
 {¶ 28} In support of its holding in Madeline, this court explained that a guilty plea represents a break in the chain of events that preceded it in the criminal process. Thus, a defendant who admits his guilt waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceedings unless it affected the knowing and voluntary nature of the plea. Id. at *10-*11;Haynes, supra, at *3-*4. This *Page 10 
waiver applies to a claim of ineffective assistance of counsel, unless the alleged conduct caused the plea not to be knowing and voluntary.Madeline, supra, at *11.
 {¶ 29} This court further explained that a guilty plea is knowing and voluntary if the record demonstrates the trial court advised the defendant of (1) the nature of the charge and the maximum penalty involved, (2) the effect of entering a guilty plea, and (3) that the defendant will be waiving his constitutional rights by entering the plea. Id., citing Sopjack, supra, at *27-*28.
 {¶ 30} A claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made. State v. Malesky (Aug. 27, 1992), 8th Dist. No. 61290, 1992 Ohio App. LEXIS 4378; see, also,State v. Kapper (1983), 5 Ohio St.3d 36. In Malesky, the court held:
 {¶ 31} "A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows that his plea was voluntary." Id. at *5.
 {¶ 32} In Kapper, the Supreme Court adopted the following rationale:
 {¶ 33} "`* * * [A]n allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are *Page 11 
insufficient to rebut the record on review which shows that his plea was voluntary. * * *'" Id. at 38.
 {¶ 34} In State v. Wyley (Oct. 20, 1994), 8th Dist. No. 66163, 1994 Ohio App. LEXIS 4708, the defendant argued his guilty plea was involuntary due to ineffective assistance of counsel in that he pleaded guilty on his counsel's advice after being falsely told by counsel that his motions to suppress had been overruled. The court affirmed the conviction, finding that the defendant's allegations were not supported by affidavit or other materials substantial enough to rebut the record which showed his plea was voluntary.
 {¶ 35} As noted supra, because appellant failed to file the transcript of the guilty-plea hearing, we must presume the regularity of that hearing and the voluntary nature of appellant's guilty plea. Further, we observe the record is devoid of any affidavits or other evidence concerning counsel's alleged promise. Because there is nothing in the record to demonstrate that appellant's counsel made this promise, we cannot conclude counsel's alleged promise induced appellant to enter his guilty plea.
 {¶ 36} Further, the limited record before this court does not support appellant's contention that his attorney rendered ineffective assistance. First, appellant's written guilty plea refutes this argument. The Finding on Guilty Plea to Bill of Information, signed by appellant and his attorney, provides in pertinent part:
 {¶ 37} "After being fully informed by my counsel and by the Court of the charges against me, I am making a plea voluntarily with the understanding of the nature of the charge and the consequences, including the penalty[,] of the plea, which can be from: *Page 12 
Counts 1 2: 3, 4, 5, 6, 7, 8, 9, or 10 years * * *. Said prison term is presumed necessary and is not mandatory.
 {¶ 38} "* * *
 {¶ 39} "I understand that the Court upon acceptance of a plea of guilty may proceed with judgment and sentencing. I understand I have the right to a jury trial. I understand that at trial I have the right to confront and cross-examine the witnesses against me, and the right to have compulsory process for obtaining witnesses in my favor and to require the State to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself. Upon conviction, I would have the further right of Appeal. However, I waive all those rights, including [the] right to a trial by jury. I enter a plea of `guilty' to a Bill of Information charging me with the crime of: COUNT 1: VOLUNTARY MANSLAUGHTER * * * COUNT 2: AGGRAVATED BURGLARY * * *. * * * I am entering the plea of guilty after being fully informed by my counsel and by the Court of the elements of the charge. Those elements are: [The elements of each count are then listed in the entry.]"
 {¶ 40} Further, the plea agreement recited that appellant and his attorney had fully discussed the facts and circumstances of the case; that appellant's attorney had investigated the matter; and that appellant was "satisfied that [he was] now entering this plea with full understanding of [his] legal rights under the facts and circumstances as explained [to him] by [his] attorney and the Court." In accepting appellant's guilty plea, the court determined there was a factual basis for the plea; that appellant had been advised of all his constitutional rights; and that he understood and waived those rights. *Page 13 
 {¶ 41} Thus, appellant's written guilty plea indicates he was advised as to the nature of the charges, the consequences of his guilty plea, his appellate rights, and the factual basis of the plea. Appellant's written plea also states his attorney investigated the facts and circumstances of the case and discussed with him the making of or the necessity of pre-trial motions. Finally, appellant's plea states he is satisfied that he is entering this plea with full understanding of his rights under the facts of the case as explained to him by the trial court and his attorney.
 {¶ 42} Next, an excerpt from the plea hearing, quoted in appellant's motion to withdraw, shows that, in the presence of appellant, his trial counsel stated:
 {¶ 43} "I might indicate for the purpose of the record that the defendant can read. He had some difficulty with some of the terminology that's used and the legal language. However, I broke it down, gave him a common-sense explanation of those terms. He fully understands. And I questioned [him] about it and he does understand everything that's in the document."
 {¶ 44} Further, the following colloquy, quoted by the state in its brief in opposition, took place at that hearing between appellant and the trial court:
 {¶ 45} "THE COURT: Mr[.] Smith, I'm now showing you a document that's eight pages in length and it's titled Finding on Guilty Plea to Bill ofInformation. Did you have a chance to go over this with your attorney?
 {¶ 46} "THE DEFENDANT: Yes, sir.
 {¶ 47} "THE COURT: You read it and understood it?
 {¶ 48} "THE DEFENDANT: Yes, sir. *Page 14 
 {¶ 49} "THE COURT: I'm going to direct your attention, then, to page seven. There's a line marked Defendant, is that your signature?
 {¶ 50} "THE DEFENDANT: Yes, it is.
 {¶ 51} "THE COURT: You signed it voluntarily and of our own free will?
 {¶ 52} "THE DEFENDANT: Yes, I did.
 {¶ 53} "THE COURT: Any questions about this document?
 {¶ 54} "THE DEFENDANT: None at all."
 {¶ 55} We observe appellant had ample opportunity during the plea hearing to inform the trial court of his attorney's alleged promise. However, appellant failed to do so.
 {¶ 56} Further, we note that appellant's counsel negotiated this case from two counts of murder, each carrying a possible life sentence, to voluntary manslaughter and aggravated burglary with the state to recommend a total of eighteen years in prison. Moreover, appellant received the benefit of the bargain when the court sentenced him pursuant to the parties' plea agreement.
 {¶ 57} For the foregoing reasons, we cannot conclude that counsel's performance fell below an objective standard of reasonableness.
 {¶ 58} Further, appellant cannot meet the second prong ofHill test because he admitted he understood the terms of the plea and was satisfied with the representation of his counsel. Moreover, there is no evidence in the record in the form of affidavits or otherwise to demonstrate that appellant's counsel made the promise attributed to him by appellant. We therefore cannot conclude that appellant was prejudiced from any alleged deficient conduct on the part of his counsel. *Page 15 
 {¶ 59} Appellant next argues the trial court's denial of his motion violated his due process rights to an evidentiary hearing. Appellant maintains he was entitled to a hearing to more fully show his guilty plea was induced by his attorney's promise that "the (9)-years for the Agg. [sic] Burglary * * * would be dropped if appellant plead guilty * * *." We do not agree.
 {¶ 60} When a trial court is confronted with a post-sentence Crim.R. 32.1 motion to withdraw a guilty plea, an evidentiary hearing is only required if the facts alleged by a defendant, accepted as true, would require the trial court to grant the motion. Madeline, supra, at *17. However, if the record on its face conclusively and irrefutably contradicts a defendant's allegations in support of his Crim.R. 32.1 motion, an evidentiary hearing is not required. Id.; State v.Christley (May 19, 2000), 11th Dist. No. 99-P-0022, 2000 Ohio App. LEXIS 2140, *5.
 {¶ 61} In light of appellant's failure to file the transcript of his guilty plea hearing and his written guilty plea, as well as his failure to present any affidavits in support of his allegation that his counsel was ineffective, an evidentiary hearing was not required.
 {¶ 62} Finally, we note that appellant waited two years and three months before filing his motion to withdraw. While there is no time limit for submitting a Crim.R. 32.1 motion, an undue delay in filing such motion is a factor that affects a defendant's credibility and weighs against granting a defendant's motion to withdraw his plea.Smith, supra. We hold the passage of more than two years undermines appellant's contention that he pleaded guilty because of his attorney's "unkept promise." This is particularly true here because appellant never even referenced this promise as a reason to withdraw his plea in his motion to withdraw. *Page 16 
 {¶ 63} Appellant has failed to demonstrate manifest injustice. As a result, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.
 {¶ 64} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.
 COLLEEN MARY O'TOOLE, J., MARY JANE TRAPP, J., concur. *Page 1