OPINION
{¶ 1} In these consolidated appeals, appellant, Richard R. Brunkala, Jr. ("Brunkala"), has filed timely appeals from the judgments entered by the Lake County Court of Common Pleas. For the reasons stated below, we affirm the judgments entered by the trial court.
 {¶ 2} With respect to Brunkala's first case, case No. 05 CR 000601, he was indicted on December 9, 2005, on the following charges: grand theft, in violation of *Page 2 
R.C. 2913.02(A)(1), a felony of the fourth degree; theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; three counts of breaking and entering, in violation of R.C. 2911.13(A), felonies of the fifth degree; two counts of burglary, in violation of R.C. 2911.12(A)(1), felonies of the second degree; and two counts of possessing criminal tools, in violation of R.C. 2923.24, felonies of the fifth degree.
 {¶ 3} A plea of not guilty was entered by Brunkala.
 {¶ 4} A subsequent indictment was issued on March 1, 2006, case No. 06 CR 000144, charging Brunkala with: engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a felony of the first degree; breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree; and disrupting public services, in violation of R.C. 2909.04(A)(1), a felony of the fourth degree.
 {¶ 5} A plea of not guilty was entered by Brunkala.
 {¶ 6} Upon a motion by the state, the trial court joined the indictments and set the matter for a jury trial. Thereafter, Brunkala withdrew his not guilty pleas and entered pleas of guilty. In case No. 05 CR 000601, Brunkala pled guilty to grand theft, in violation of R.C. 2913.02(A)(1); theft, in violation of R.C. 2913.02(A)(1); burglary, in violation of R.C. 2911.12(A)(1); and breaking and entering, in violation of R.C. 2911.13(A). In case No. 06 CR 000144, Brunkala pled guilty to engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1). The remaining charges in the indictments were dismissed pursuant to the plea agreements.
 {¶ 7} The trial court sentenced Brunkala to an aggregate term of incarceration of eight years in case No. 05 CR 000601, to be served concurrent with the aggregate term of incarceration of eight years in case No. 06 CR 000144. *Page 3 
 {¶ 8} Brunkala's sole assignment of error contends:
 {¶ 9} "Mr. Brunkala was denied the effective assistance of counsel, in violation of his rights under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, and counsel's deficient performance rendered Mr. Brunkala's pleas involuntary."
 {¶ 10} Brunkala asserts that he was denied effective assistance of trial counsel and, as a result, his guilty pleas were not knowing and voluntary. To support his contention, Brunkala argues that his trial counsel failed to request discovery in case No. 06 CR 000144, failed to request discovery and a bill of particulars in case No. 05 CR 000601, and failed to investigate the facts and circumstances surrounding both cases. Brunkala also contends that his trial counsel was deficient in advising him to plead guilty to engaging in a pattern of corrupt activity because the evidence recited by the state of Ohio, which would have been presented at trial, did not warrant a conviction.
 {¶ 11} In reviewing a claim for ineffective assistance of counsel, in the context of a guilty plea, this court must determine whether counsel's performance was deficient, and whether the defendant was prejudiced by the deficient performance. State v. Madeline (Mar. 22, 2002), 11th Dist. No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, at *9. (Citations omitted.) To demonstrate prejudice from counsel's deficient performance, the defendant must prove there is a reasonable probability that, but for counsel's error, the defendant would not have pleaded guilty. Id. (Citations omitted.)
 {¶ 12} A claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was *Page 4 
voluntarily made. State v. Malesky (Aug. 27, 1992), 8th Dist. No. 61290, 1992 Ohio App. LEXIS 4378, at *5.
 {¶ 13} "A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows that his plea was voluntary." Id., citing State v.Kapper (1983), 5 Ohio St.3d 36, 38.
 {¶ 14} This court has held that "a guilty plea is knowing and voluntary if the record demonstrates the trial court advised the defendant of (1) the nature of the charge and the maximum penalty involved, (2) the effect of entering a guilty plea, and (3) that the defendant will be waiving his constitutional rights by entering the plea." State v. Smith, 11th Dist. No. 2007-T-0076, 2008-Ohio-1501, at ¶ 29. (Citation omitted.)
 {¶ 15} The record in the instant case demonstrates that Brunkala's guilty pleas were knowingly and voluntarily made. The transcript from Brunkala's change of plea hearing, along with his written pleas of guilty, indicates that he was advised as to the nature of the charges, the right to trial, the state's burden of proof, the right to summon and confront witnesses, the privilege against self-incrimination, the right to appeal, the nature of the charges and the consequences, and post-release control. Further, Brunkala agreed with the evidence set forth by the prosecutor as being true and accurate; fully admitted his guilt as to all counts; agreed he was satisfied with trial counsel's representation; and admitted he was entering his pleas freely and voluntarily.
 {¶ 16} Further, the following colloquy, with respect to the count of engaging in a pattern of corrupt activity, took place at the change of plea hearing: *Page 5 
 {¶ 17} "THE COURT: Then on case 06CR 144, is it your desire to plead guilty to one count of engaging in a pattern of corrupt activity in that case?
 {¶ 18} "THE DEFENDANT: Yes.
 {¶ 19} "* * *
 {¶ 20} "THE COURT: Your attorney may or may not be recommending that you plead guilty to these various charges, but I need to know directly from you, are you freely and voluntarily pleading guilty to these nine felony offenses as set forth in these cases here this afternoon?
 {¶ 21} "THE DEFENDANT: Yes, Your Honor.
 {¶ 22} "THE COURT: Are you waiving and giving up all of the rights I have set forth in order to enter those guilty pleas?
 {¶ 23} "THE DEFENDANT: Yes, Your Honor.
 {¶ 24} "THE COURT: Are you then asking this Court to accept your pleas of guilty to one count of grand theft, one count of theft, one count of burglary, one county [sic] of breaking and entering on one case, four counts of breaking and entering on another case, and one count of engaging in a pattern of corrupt activity on the third and final case?
 {¶ 25} "THE DEFENDANT: Yes, Your Honor."
 {¶ 26} After the state of Ohio presented the evidence that would have been offered at trial with respect to engaging in a pattern of corrupt activity, the following exchange occurred:
 {¶ 27} "THE COURT: Mr. Brunkala, you heard again what the evidence would be in this particular case, 06CR 144, correct? *Page 6 
 {¶ 28} "THE DEFENDANT: Yes, Your Honor.
 {¶ 29} "THE COURT: Are all the facts and circumstances as represented by the Prosecutor accurate and true with respect to this charge?
 {¶ 30} "THE DEFENDANT: Yes, Your Honor.
 {¶ 31} "THE COURT: Did you, in fact, engage in an enterprise involving others, and did you participate in the various crimes of breaking and entering, burglary, and grand theft as outlined by the Prosecutor?
 {¶ 32} "THE DEFENDANT: Yes, Your Honor.
 {¶ 33} "THE COURT: Did this occur between January 5th, 2005 and August 22nd of 2005, all here within Lake County, Ohio?
 {¶ 34} "THE DEFENDANT: Yes, Your Honor.
 {¶ 35} "THE COURT: As a result of that acknowledgement are you, in fact, guilty of the crime of engaging in a pattern of corrupt activity as is defined in Count 1 of the indictment in 06CR144 [sic]?
 {¶ 36} "THE DEFENDANT: Yes, Your Honor."
 {¶ 37} In this matter, the evidence in the record proves insufficient to rebut the clear finding that Brunkala's pleas were entered into voluntarily. Moreover, by pleading guilty, Brunkala received the benefit of the bargains. Pursuant to the plea agreements, the following charges were dismissed: three counts of breaking and entering, one count of burglary, one count of disrupting public service, and two counts of possessing criminal tools. Further, the count of engaging in a pattern of corrupt activity was amended from a felony of the first degree to a felony of the second degree. *Page 7 
 {¶ 38} As previously stated, Brunkala also argues that his trial counsel failed to make the appropriate requests for discovery and a bill of particulars. However, a review of the record reveals that trial counsel did request discovery pursuant to Crim. R. 16 on December 20, 2005, for case No. 05 CR 000601, and on March 13, 2006, for case No. 06 CR 000144. The record also demonstrates that the state of Ohio provided such discovery in both cases at the time of his arraignment, with trial counsel acknowledging receipt thereof. With respect to a request for a bill of particulars, the record does not establish that a bill of particulars would have provided Brunkala with any additional information not already provided to him by the discovery process. Therefore, this argument advocated by Brunkala must fail.
 {¶ 39} We cannot conclude that counsel's performance fell below an objective standard of reasonableness. For the reasons stated in this opinion, the assignment of error is not well-taken.
 {¶ 40} It is the judgment and order of this court that the judgments of the Lake County Court of Common Pleas are affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1