OPINION
{¶ 1} Defendant-appellant, Edward A. Bean, appeals the Judgment of Conviction, rendered by the Geauga County Court of Common Pleas, sentencing him to serve an aggregate prison term of sixteen years for crimes more fully described below. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On August 14, 2007, Bean was indicted by the Geauga County Grand Jury on the following charges: Rape, a felony of the first degree in violation of R.C. 2907.02(A)(1)(c), Sexual Battery, a felony of the third degree in violation of R.C. 2907.03(A)(2), Attempted Kidnapping, a felony of the second degree in violation of R.C. 2923.02(A), Attempted Abduction, a felony of the fourth degree in violation of R.C. 2923.02(A), Failure to Comply with an Order or Signal of a Police Officer, a felony of the third degree in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), Receiving Stolen Property, a felony of the fourth degree in violation of R.C. 2913.51(A), Receiving Stolen Property, a felony of the fifth degree in violation of R.C. 2913.51(A), Grand Theft of a Motor Vehicle, a felony of the fourth degree in violation R.C. 2913.02(A)(2), Operation in Willful or Wanton Disregard of the Safety of Persons or Property, a minor misdemeanor in violation of R.C. 4511.20(A), and Driving Under Suspension, a misdemeanor of the first degree in violation of R.C. 4510.11(A).
 {¶ 3} On January 8, 2008, Bean entered into a Plea Agreement whereby he pled guilty to Attempted Rape, a felony of the second degree in violation of 2923.02(A), and to Attempted Kidnapping, Failure to Comply with the Order or Signal of a Police Officer, and fourth-degree Receiving Stolen Property as described in the Indictment. The trial court granted the State leave to dismiss the remaining counts of the Indictment at the time of sentencing, pursuant to Crim. R. 48(A).
 {¶ 4} On April 17, 2008, following a sentencing hearing, the trial court ordered Bean to serve a six-year term of imprisonment for Attempted Rape (including a mandatory class 2 driver's license suspension for a period of twenty years), a seven-year term of imprisonment for Attempted Kidnapping, a two-year term of imprisonment *Page 3 
for Failure to Comply, and a one-year term of imprisonment for Receiving Stolen Property. The court ordered all sentences to be served consecutively with one another for an aggregate term of imprisonment of sixteen years. The court notified Bean of post-release control as required by R.C. 2929.19(B)(3). Finally, the court ordered Bean to pay court costs and restitution in the amount of $10,085.84 to Preston Motors.
 {¶ 5} On April 28, 2008, the trial court entered judgment entry of sentence, captioned Judgment of Conviction. Bean timely appeals and raises the following assignments of error:
 {¶ 6} "[1.] The appellant was denied the effective assistance of counsel as defense counsel failed to file a motion to separate charges and deprived appellant of the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 7} "[2.] The trial court erred when sentencing appellant to consecutive terms of imprisonment."
 {¶ 8} In his first assignment of error, Bean argues he received constitutionally ineffective assistance of counsel for counsel's failure to file a motion for severance pursuant to Crim. R. 14. Bean asserts that, in light of "the number of offenses and the nature of the charges" contained in the Indictment, "a trial on all counts together simply would have served to establish [the] bad character and criminal disposition of [the] appellant."
 {¶ 9} By entering a plea of guilty, Bean has waived the right to challenge the effectiveness of counsel with respect to severance. "A guilty plea waives all appealable orders except for a challenge asserting that the defendant's guilty plea was not *Page 4 
knowingly, intelligently, and voluntarily entered." State v. Swank, 11th Dist. No. 2008-L-019, 2008-Ohio-6059, at ¶ 30 (citation omitted). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process," precluding a criminal defendant from "rais[ing] independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates, 64 Ohio St.3d 269, 272, 1992-Ohio-130 (citation omitted). "[T]hus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea." State v. Madeline, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332, 2002 Ohio App. LEXIS 1348, at *10-*11 (citation omitted); State v. Smith, 11th Dist. No. 2007-T-0076,2008-Ohio-1501, at ¶ 28 (citation omitted).
 {¶ 10} Bean suggests that, but for the joinder of the offenses, he might not have entered the plea agreement. Bean relies upon the following statement made by counsel at sentencing, "I know there was some talk about whether [Bean] wanted to go forward with this." It is impossible to discern from the transcript anything specific about this "talk." There is no indication that the joinder of offenses in the indictment had any effect on Bean's decision to plea. At the time of the plea, a trial date had not been set and Bean had waived his right to a speedy trial. Bean's counsel at sentencing next advised the court that Bean "has maintained his guilt," "has not directed me to file any motions," and "is here ready to accept his punishment [as] required by the law."
 {¶ 11} "The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between guilty plea and the ineffective assistance. * * * Rather, *Page 5 
ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." Madeline, 2002 Ohio App. LEXIS 1348, at *10 (citations omitted); Smith, 2008-Ohio-1501, at ¶ 27
(citation omitted).
 {¶ 12} Assuming, arguendo, that the joinder of charges in some way affected Bean's decision to plead, there is no evidence in the record before us that Bean's plea was anything but knowing and voluntary.
 {¶ 13} The first assignment of error is without merit.
 {¶ 14} In the second assignment of error, Bean argues the trial court failed to properly consider the relevant factors when imposing consecutive sentences. Specifically, Bean claims the court "overlook[ed] and disregard[ed] the psychological and treatment needs [Bean] desperately demands instead of extensive incarceration." At sentencing, it was noted that Bean had been abused as a child, had parents who divorced while he was young, used alcohol and drugs to excess, had served time with the Ohio Department of Youth Services, had never had a meaningful opportunity to receive treatment, and expressed sincere remorse for his crimes.
 {¶ 15} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." State v. Kalish,120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 26. *Page 6 
 {¶ 16} Bean does not claim the sentence imposed is contrary to law, but, rather, that the trial court's exercise of discretion was "misguided" in light of the mitigating circumstances.
 {¶ 17} While acknowledging Bean's remorse, the trial court determined him to pose a "severe threat" to the community. The court observed that the nature of Bean's criminal conduct was predatory: the victim of the Attempted Rape was mentally handicapped; the circumstances of the Attempted Kidnapping, occurring in the woods and involving a vulnerable victim, were traumatizing to the victim; and the Stolen Property was a vehicle owned by Bean's employer which was destroyed while he was attempting to elude police. The court pointed out that Bean had an extensive criminal history, including a prior sex adjudication, felony conviction, and prison sentence, and was on probation at the time of the current offenses. Finally, the court stated that it believed consecutive sentences were necessary because the various crimes were separate and distinct incidents.
 {¶ 18} There was no abuse of discretion in the trial court's decision to impose consecutive sentences. Bean objects to the weight accorded the various sentencing factors by the court, but a "court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor. Provided that the sentencing court duly considers the appropriate sentencing factors, it has full discretion to impose a sentence within the statutory range." State v.Holin, 174 Ohio App.3d 1, 2007-Ohio-6255, at ¶ 34 (citations omitted);State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at paragraph three of the syllabus ("[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings *Page 7 
or give their reasons for imposing maximum, consecutive, or more than the minimum sentences").
 {¶ 19} The second assignment of error is without merit.
 {¶ 20} The judgment of the Geauga County Court of Common Pleas, sentencing Bean to an aggregate prison term of sixteen years, is affirmed. Costs to be taxed against appellant.
TIMOTHY P. CANNON, J., concurs, COLLEEN MARY O'TOOLE, J., concurs in judgment only. *Page 1