DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is on appeal from a judgment of conviction and sentence for failure to comply with a police order, entered on a guilty plea in the Lucas County Court of Common Pleas. Counsel for appellant, Ormando C. Tapp, has filed a motion to withdraw pursuant to Anders v.California (1967), 386 U.S. 738.
 {¶ 2} On September 28, 2002, Michigan State police pursued an automobile driven by appellant across the state line into Ohio. In Ohio, Toledo police joined the pursuit which ended when appellant crashed his vehicle into a fence. Appellant was arrested and taken to a nearby hospital for treatment. On leaving the hospital, appellant, whose hands were handcuffed behind his back, broke free and ran some three blocks before being reapprehended. Police charged appellant with several offenses, including escape, a third degree felony.
 {¶ 3} In a plea agreement, appellant pled guilty to a single count of failure to comply with a police order, a fourth degree felony, and was sentenced to a period of incarceration of 14 months. This appeal followed.
 {¶ 4} On May 5, 2003, appellate counsel moved to withdraw, pursuant to Anders, supra. Counsel states that she has carefully reviewed the record and the applicable law and could find no reasonable basis for appeal. In conformity with Anders, counsel submits a brief setting forth potential assignments of error which she has considered and rejected. A copy of this brief and counsel's motion to withdraw were submitted to appellant who was advised of his right to file a brief in his own behalf. Appellant has not submitted a brief.
 {¶ 5} Appellate counsel sets forth the following two potential assignments of error:
 {¶ 6} "First possible assignment of error
 {¶ 7} "Appellant was denied his right to due process of law because the entry of the guilty plea was not knowingly and voluntarily made.
 {¶ 8} "Second possible assignment of error
 {¶ 9} "Appellant was sentenced in violation of the laws and sentencing guidelines of the state of Ohio."
 {¶ 10} A guilty plea is a complete admission of the defendant's guilt. Crim.R. 11(B)(1). A counseled guilty plea, voluntarily and knowingly given, removes the issue of factual guilt from the case. Statev. Siders (1992), 78 Ohio App.3d 699, 701, citing Menna v. New York
(1975), 423 U.S. 61, 62. When a defendant pleads guilty as part of a plea bargain, he waives all appealable errors which may have occurred at trial unless such errors precluded the defendant from entering a knowing and voluntary plea. State v. Barnett (1991), 73 Ohio App.3d 244, 248, citingState v. Kelly (1991), 57 Ohio St.3d 127.
 {¶ 11} There is nothing in the record to suggest that appellant's plea was not knowingly and voluntarily entered. To the contrary, the plea colloquy indicates full compliance with Crim.R. 11. Consequently, we concur with appellate counsel that no error is evident with respect to appellant's guilty plea.
 {¶ 12} Concerning sentencing, the trial court made the necessary findings to impose a prison term for a fourth degree felony. Moreover, given that appellant has a lengthy criminal record and was on parole in Indiana at the time of his arrest, there is ample evidence to support the court's R.C. 2929.13(B) determination. Similarly, the court's consideration of R.C. 2929.11 and R.C. 2929.12 factors appear proper.
 {¶ 13} Accordingly, we find both of counsel's possible assignments of error wholly without merit.
 {¶ 14} On consideration whereof, the court finds that the issues raised in the Anders brief are without merit and wholly frivolous. Counsel's motion to withdraw is well-taken and, hereby, granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Judgment affirmed.
Peter M. Handwork, PJ., Mark L. Pietrykowski, J., Arlene Singer, J., concur.