[Cite as *State v. Lynch*, 2012-Ohio-2521.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11 CA 75 |
| SCOTT A. LYNCH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No.  10 CR 911D


JUDGMENT:      Affirmed in Part; Reversed in Part and
Remanded


DATE OF JUDGMENT ENTRY:      June 6, 2012


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JAMES J. MAYER, JR.      DAVID HOMER
PROSECUTING ATTORNEY      13 Park Avenue West
ANDREW S. KELLER      Suite 609
ASSISTANT PROSECUTOR      Mansfield, Ohio  44902
38 South Park Street
Mansfield, Ohio  44902

*Wise, J.*

{¶1} Appellant Scott A. Lynch appeals his conviction, in the Court of Common Pleas, Richland County, for the offense of engaging in a pattern of corrupt activity ("EPCA"). The relevant facts leading to this appeal are as follows.

{¶2} On at least three occasions in the late summer and fall of 2010, METRICH task force officers set up controlled heroin buys at appellant's residence on Clayburg Road in Greenwich, Richland County. In each instance, a confidential informant, working with the METRICH officers, went to the residence and purchased "balloons" of heroin; the transactions were recorded on audio and video.

{¶3} In addition, on August 6, 2010, METRICH officers executed a search warrant of appellant's residence. The officers found, inter alia, drug paraphernalia, digital scales, a hypodermic needle and tourniquet, and a rifle. Appellant admitted to the officers that he had purchased heroin in Columbus, Ohio, and had sold about twenty-five "balloons" of heroin that week.

{¶4} In February 2011, appellant was indicted by the Richland County Grand Jury on one count of having a weapon under a disability, a felony of the third degree under R.C. 2923.13(A)(3), (based on the allegation that on or about August 6, 2010, appellant had a .22 rifle in his home despite prior felony convictions); three counts of trafficking in drugs, felonies of the fourth degree under R.C. 2925.03(A), (based on allegations that on or about August 4, 2010, appellant sold heroin (.18 grams) to a government agent in the vicinity of a juvenile, that on or about October 6, 2010, appellant sold heroin (1.17 grams) to a government agent, and that on or about November 2, 2010, appellant sold heroin (1.08 grams) to a government agent); and one

count of engaging in a pattern of corrupt activity ("EPCA"), a felony of the second degree under R.C. 2923.32, (based on the allegation that between August 1, 2010 and November 3, 2010, appellant engaged in a pattern of corrupt activity in Richland County, Ohio by "necessarily associat[ing] with others known and unknown to traffic in Heroin, a substance that is produced almost entirely in Southeast Asia," purchasing his heroin supply from an individual designated as "a Mexican" in Columbus, Ohio. See Bill of Particulars, June 13, 2011, at 3.

{¶5} On June 16, 2011, appellant appeared before the trial court and entered pleas of guilty to the first four of the above five counts. A bench trial was thereupon conducted as to the remaining count of EPCA.

{¶6} Appellant was found guilty on the EPCA count, in addition to his aforesaid pleas to the remaining four counts. He was subsequently sentenced by the trial court to a total of three years in prison. See Judgment Entries, July 15, 2011 and August 12, 2011.

{¶7} On August 26, 2011, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶8} "I. THE CONVICTION FOR ENGAGING IN A PATTERN OF CORRUPT ACTIVITY IS CONTRARY TO LAW WHERE THERE IS NO EVIDENCE THAT THE VALUE OF THE CONTRABAND INVOLVED WAS OVER $500.00.

{¶9} "II. THE CONVICTION IS CONTRARY TO LAW WHERE THERE IS NO EVIDENCE THAT APPELLANT WAS AN ENTERPRISE SEPARATE AND APART FROM THE PATTERN OF CORRUPT ACTIVITY IN WHICH HE ENGAGED.

{¶10} "III. THE CONVICTION IS UNSUPPORTED BY THE WEIGHT OF THE EVIDENCE, WHERE THE ONLY EVIDENCE OF GLOBAL DRUG TRAFFICKING AND ITS CONNECTION TO LOCAL DRUG DEALING IS BASED ON COMMON KNOWLEDGE UNRELATED TO THE CASE."

### Standard of Review

{¶11} As we read appellant's brief, he is chiefly advancing arguments based on a claim of insufficiency of the evidence. In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

I.

{¶12} In his First Assignment of Error, appellant contends his EPCA conviction was not supported by evidence that the value of the contraband was more than $500.00. We disagree.

{¶13} R.C. 2923.31(I)(2)(c), as written at the time of the offense at issue, stated in pertinent part as follows: " 'Corrupt activity' means engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in *** [c]onduct constituting any *** violation of section 2907.21, 2907.22, 2907.31, 2913.02, 2913.11, 2913.21, 2913.31, 2913.32, 2913.34, 2913.42, 2913.47, 2913.51, 2915.03, 2925.03, 2925.04, 2925.05, or 2925.37 of the Revised Code, *** when the proceeds of the violation, the payments made in the violation, the amount of a claim for payment or for any other benefit that is false or deceptive and that is involved

in the violation, or the value of the contraband or other property illegally possessed, sold, or purchased in the violation exceeds five hundred dollars, or any combination of violations described in division (I)(2)(c) of this section when the total proceeds of the combination of violations, payments made in the combination of violations, amount of the claims for payment or for other benefits that is false or deceptive and that is involved in the combination of violations, or value of the contraband or other property illegally possessed, sold, or purchased in the combination of violations exceeds five hundred dollars[.]"

{¶14} As indicated in the aforesaid wording of the statute, "sale", "possession" and "purchase" of contraband are all included to reach the $500.00 threshold. The bill of particulars in this matter clearly indicates that the price paid by the confidential informants for the heroin in the three trafficking counts, to which appellant pled guilty, totaled $650.00. "A guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence." *State v. Hill,* Cuyahoga App. No. 90513, 2008–Ohio–4857, ¶ 6, citing *State v. Siders* (1992), 78 Ohio App.3d 699, 701. Upon review, we conclude the trier of fact could find the amount of heroin exceeded the $500.00 jurisdictional amount as required by R.C. 2923.31.

{¶15} Appellant's First Assignment of Error is overruled.

II.

{¶16} In his Second Assignment of Error, appellant contends his EPCA conviction was not supported by evidence that his activities constituted a separate "enterprise" pursuant to statute. We agree.

{¶17} Appellant was charged under Count V of the indictment with violating R.C. 2923.32(A)(1), which states as follows: "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *."

{¶18} R.C. 2923.31(E) reads: " 'Pattern of corrupt activity' means two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event."

{¶19} R.C. 2923.31(C) further states as follows: " 'Enterprise' includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. 'Enterprise' includes illicit as well as licit enterprises."

{¶20} Thus, in order to establish that a defendant engaged in a pattern of corrupt activity, the state must show that the defendant was employed by or "associated with" an "enterprise." The Ohio Supreme Court has determined that "merely committing successive or related crimes is not sufficient to rise to the level of a RICO violation." *State v. Schlosser* (1997), 79 Ohio St.3d 329, 333, 681 N.E.2d 911.

{¶21} The crux of appellant's argument in this assigned error is his proposition that the State must prove the element of "enterprise" by showing the existence of an ongoing organization "separate and apart" from the predicate drug trafficking activities forming the pattern of corrupt activity. See Appellant's Brief at 15. In *State v. Scott,*

Morgan App.No. 06 CA 1, 2007-Ohio-303, this Court held that in order to establish the existence of an "enterprise" under Ohio's RICO Act, there must be some evidence of: (1) an ongoing organization, formal or informal; (2) with associates that function as a continuing unit; and (3) with a structure separate and apart, or distinct, from the pattern of corrupt activity. Id. at ¶ 45, citing *State v. Teasley,* Franklin App.Nos. 00AP-1322, 00AP-1323, 2002-Ohio-2333, ¶ 53, citing *State v. Warren* (1992), Franklin App. No. 92AP-603, and *United States v. Turkette* (1981), 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246.

**{¶22}** Subsequent to our decision in *Scott,* the United States Supreme Court decided *United States v. Boyle* (2009), 556 U.S. 938, wherein the issue presented was "whether an association-in-fact enterprise under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, must have 'an ascertainable structure beyond that inherent in the pattern of racketeering activity in which it engages.' " Id. at 940-941. The United States Supreme Court ultimately held that "such an enterprise must have a 'structure' but that an instruction framed in this precise language is not necessary." Id. at 941. The Court further noted: "As we explained in *Turkette,* [supra] the existence of an enterprise is an element distinct from the pattern of racketeering activity and "proof of one does not necessarily establish the other. ***. On the other hand, if the phrase is used to mean that the existence of an enterprise may never be inferred from the evidence showing that persons associated with the enterprise engaged in a pattern of racketeering activity, it is incorrect. We recognized in *Turkette* that the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise 'may in particular cases coalesce.' " *Boyle* at 947,

quoting *Turkette.* The Court concluded, in pertinent part: "The instructions the District Court judge gave to the jury in this case were correct and adequate. These instructions explicitly told the jurors that they could not convict on the RICO charges unless they found that the Government had proved the existence of an enterprise. See App. 111. The instructions made clear that this was a separate element from the pattern of racketeering activity. *Ibid.*" Id. at 951.

**{¶23}** The State urges in its response brief that despite our *Scott* decision, other relatively recent cases from the Fifth District have not heavily relied upon the interpretation of federal RICO cases and have not instituted a strict requirement that a "separate and distinct" structure be proven as part of the EPCA "enterprise." See *State v. Linkous*, Licking App.No. 08CA51, 2009-Ohio-1896; *State v. Yates*, Licking App.No. 2009CA0059, 2009-Ohio-6622. Appellant also directs us to a 1990 case, *State v. Hill,* Stark App.No. CA-8094, 1990 WL 237485. However, we find our holding in *Scott* more closely aligns with the decision of the United States Supreme Court in *Boyle.* We will therefore herein consider whether the State indeed demonstrated a "structure separate and apart, or distinct, from the pattern of corrupt activity" concerning appellant's heroin-dealing activities. See *Scott*, supra, at ¶ 45.

**{¶24}** The sole witness at the bench trial in the case sub judice was Detective Steve Blust of the Mansfield Police Department, currently assigned to the METRICH drug task force. Detective Blust was asked to explain "how heroin trafficking works." Tr. at 20. He stated that heroin is grown in other countries, brought into the United States by various drug "organizations" and distributed throughout U.S. cities, and then "on down the line from bigger dealer to smaller dealer and to the user." Id. Based on his

experience, he also specified: "A lot of the black tar heroin is coming from Columbus, Ohio, which is brought in here mostly by Mexican organizations who then distribute it. A lot of the dealers from Richland County go down to Columbus [Ohio] and purchase the black tar from the Mexicans there and bring it back and sell it." Tr. at 21. In regard to appellant, Blust recalled that appellant would obtain heroin, up to fifty balloons at a time, from the Mexican dealers in Columbus, either by himself or by using a runner. Tr. at 23. Blust described that Richland County dealers would often connect with alleged Columbus sellers named "Joe Ricardos", "Poncho" or "Joe Carlos", but Blust conceded that several different people used these names. The following exchange took place on cross-examination:

{¶25} "Q. So as you sit here today then, you don't have any evidence that Mr. Lynch was directly related to any of these Ponchos or Joes or anybody else that –

{¶26} "A. Just Mr. Lynch told me he was going to a Mexican in Columbus and obtaining fifty balloons at a time."

{¶27} Tr. at 28.

{¶28} Upon review, we concur with appellant's observation that the fact heroin frequently comes into the United States from foreign countries and is then redistributed does not convert appellant's separate instances of trafficking into an EPCA violation under the facts and circumstances presented. We find the evidence in this case failed to sufficiently demonstrate a distinct "structure" for purposes of proving the enterprise element of engaging in a pattern of corrupt activity under R.C. 2923.32(A)(1). Appellant's EPCA conviction must therefore be reversed on grounds of insufficient evidence.

**{¶29}**  Appellant's Second Assignment of Error is sustained.

III.

**{¶30}**  In his Third Assignment of Error, appellant contends his EPCA conviction is against the manifest weight of the evidence.

**{¶31}**  Based on our foregoing analysis, we find appellant's Third Assignment of Error to be moot.

**{¶32}**  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed in part and reversed in part. Appellant's convictions for having a weapon while under a disability and for trafficking in drugs are affirmed. Appellant's EPCA conviction is hereby vacated, and the matter is remanded for further consideration of sentencing as to the aforesaid remaining four counts.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0502

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                 :
                                           :
-vs-                                       :               JUDGMENT ENTRY
                                           :
SCOTT A. LYNCH                             :
                                           :
    Defendant-Appellant                :               Case No. 11 CA 75



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Costs to be split equally between the parties.


                           _____


                           _____


                           _____
                                            JUDGES