#### The STATE of Ohio, Appellee,

#### v.

#### SIDERS, Appellant.

[Cite as *State v. Siders* (1992), 78 Ohio App.3d 699.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–106.

Decided March 16, 1992.

*Steven C. LaTourette,* Prosecuting Attorney, and *Ariana E. Tarighati,* Assistant Prosecuting Attorney, for appellee.

*Gregory Klucher,* for appellant.

---

NADER, Judge.

This case is an accelerated appeal from the Lake County Court of Common Pleas. Appellant, Daniel B. Siders, pled guilty to robbery and to a firearm specification. As a result of this plea, charges of carrying a concealed weapon and carrying a weapon under a disability were dismissed. Appellant was sentenced to a three-year term of actual incarceration on the firearm specification to be served prior to, and consecutive with, an indefinite term of three to fifteen years on the robbery charge.

Appellant's assignment of error charges that the trial court erred by imposing a three-year term of actual incarceration because there was insufficient evidence to support a conviction on the gun specification.

Appellant's sentence is *mandated* by R.C. 2929.71(A), which states, in pertinent part:

*"The court shall impose a term of actual incarceration of three years* in addition to imposing * * * an indefinite term of imprisonment * * * if all of the following apply:

"(1) The offender * * * pleads guilty to any felony other than a violation of section 2923.12 of the Revised Code.

"(2) The offender also * * * pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony.

"(3) Section 2929.72 of the Revised Code is inapplicable.

"The three year term of actual incarceration imposed pursuant to this section *shall be served consecutively with, and prior to* * * * the indefinite term of imprisonment." (Emphasis added.)

Thus, the trial court imposed the proper sentence upon appellant, pursuant to law.

▮ Appellant's argument, that there was insufficient evidence to support a conviction of the firearm specification, is extraordinarily inappropriate. Appellant pled guilty to the specification after being advised of his rights. Appellant does not argue, nor does the record support a finding, that his plea was not knowing and voluntary. If the evidence against appellant was weak, he should have proceeded to trial. In light of his waiver of trial and plea of guilty to the specification, this court will not entertain his argument which is based upon the weight of the evidence. A guilty plea is a complete admission of a defendant's guilt. Crim.R. 11(B). As the Supreme Court of the United States noted, in *Menna v. New York* (1975), 423 U.S. 61, at 62, 96 S.Ct. 241, at 242, 46 L.Ed.2d 195 at 198, fn. 2: "* * * a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. * * *"

Accordingly, appellant's assignment of error is devoid of merit and the decision of the trial court is thereby affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.