DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his judgment of conviction in the Huron County Court of Common Pleas for failure to obey the order of an officer. For the reasons that follow, we affirm.
 {¶ 2} On June 28, 2006, an attempt by Norwalk, Ohio police to investigate a suspected stolen car turned into a high-speed chase when the driver jumped in the car and fled. The driver led police across a parking lot and through city streets at high speeds, in the process crashing into four other vehicles. The stolen car eventually became disabled *Page 2 
and the driver, appellant Julian J. Wilson, Jr., fled on foot, only to be taken into custody after a foot chase.
 {¶ 3} Appellant was arrested, arraigned and bound over to the Huron County grand jury which, on July 14, 2006, handed down a two count indictment accusing him of receiving stolen property and willfully failing to comply with the order or signal of a police officer. Appellant pled not guilty, but eventually entered into a plea agreement wherein he would plead guilty to failure to comply in return for the state's dismissal of the receiving stolen property count. The state also agreed to enter into a joint sentencing recommendation for a three-year period of incarceration.
 {¶ 4} On September 20, 2006, following a plea colloquy pursuant to Crim.R. 11, appellant entered his plea. The trial court accepted the plea, but deferred sentencing for completion of a presentence investigation. Following the plea hearing, however, appellant sent to the court a letter which the court construed as a pro se motion from appellant to withdraw his guilty plea. The trial court appointed appellant separate counsel for the motion to withdraw the plea.
 {¶ 5} At the sentencing hearing, motion counsel announced that appellant would be withdrawing his motion to withdraw his plea. Appellant also chose to withdraw his support for the joint sentencing recommendation of three years. The state elected not to nullify the plea agreement because of the departure from the original plea agreement and singularly recommended a three-year sentence. The trial court sentenced appellant to a four-year term of incarceration. This appeal followed.
 {¶ 6} On appeal, appellant sets forth the following two assignments of error: *Page 3 
 {¶ 7} "APPELLANT'S FIRST ASSIGNMENT OF ERROR: The appellant contends that his guilty plea was not knowing, intelligent and voluntary.
 {¶ 8} "APPELLANT'S SECOND ASSIGNMENT OF ERROR: The appellant was denied the effective assistance of trial counsel in the Trial Court proceedings."
 {¶ 9} A guilty plea is a complete admission of the defendant's guilt. Crim.R. 11(B)(1) . A counseled guilty plea voluntarily and knowingly entered removes the issue of factual guilt from the case. State v.Siders (1992), 78 Ohio App.3d 699, 701, citing Menna v. New York (1975),423 U.S. 61, 62. When a defendant pleads guilty as part of a plea bargain, he or she waives all appealable errors which may have occurred at trial unless such errors precluded the defendant from entering a knowing and voluntary plea. State v. Barnett (1991), 73 Ohio App.3d 244,248, citing State v. Kelley (1991), 57 Ohio St.3d 127. A guilty plea even waives the right to claim that a defendant was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. Id. at 249; United States v. Broce (1988), 488 U.S. 563, 574.
 {¶ 10} Appellant insists that his plea was not knowingly or voluntarily entered, because the trial court failed to advise him that it was not bound by the state's sentencing recommendation. This assertion is plainly belied by the record. The transcript of the plea hearing reveals that, on three separate occasions during the hearing, the court expressly informed appellant that for a third-degree felony he could be sentenced to as much as five years incarceration, that the court has "complete discretion" to impose such a sentence and is not bound by the sentencing recommendation. Each time, appellant *Page 4 
replied that he understood. At the sentencing hearing, the court again advised appellant that the court was not bound by the sentencing recommendation and appellant again responded that he understood.
 {¶ 11} Accordingly, there is nothing in the record suggesting that appellant's plea was not knowingly or intelligently entered. Appellant's first assignment of error is not well-taken.
 {¶ 12} Appellant bases his second assignment of error on his assertion that his trial counsel did not adequately explain the sentencing parameters to him and "failed to enforce the plea agreement."
 {¶ 13} Again, the record belies appellant's assertions. Appellant was questioned as to whether his trial counsel had explained the plea agreement to him and whether he was satisfied with counsel's performance. He responded positively to each of these questions. Moreover, the trial court's explanation of the consequences of the plea was more than adequate. As a result, appellant has failed to show either deficient performance by his counsel or prejudice as mandated inStrickland v. Washington (1984), 466 U.S. 668, 687. Accordingly, appellant's remaining assignment of error is not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. It is ordered that appellant pay costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
 JUDGMENT AFFIRMED *Page 1