[Cite as *State v. Bradley*, 2018-Ohio-1671.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-A-0070** |
| - vs - | : | |
| ORLANDO LAMAR LEWIS BRADLEY a.k.a. ORLANDO L. BRADLEY, | : | |
| | : | |
| Defendant-Appellant. | | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00475.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Orlando Lamar Lewis Bradley a.k.a. Orlando L. Bradley*, pro se, 421 West 40th Street, Ashtabula, OH 44004 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Orlando Lamar Lewis Bradley, appeals the trial court's sentencing entry following his guilty plea to obstructing official business. We affirm.

{¶2} Bradley, represented by counsel, entered a plea in open court and signed a written guilty plea to obstructing official business in violation of R.C. 2921.31(A). The

trial court accepted his plea and sentenced him to the state's recommended sentence: 90 days in jail suspended, one-year community control, and a $750 fine.

**{¶3}** Bradley asserts one pro se assigned error:

**{¶4}** "The trial court committed prejudicial error in accepting defendant-appellant's guilty plea to the charge of obstructing official business, by finding that the conduct of the defendant-appellant admittedly engaged in falls under R.C. 2921.31(A). T.p. 100, p.24 at 23."

**{¶5}** Bradley did not file a motion to withdraw his guilty plea, but instead argues in his direct appeal from his conviction that his conduct did not support the plead to offense. The state counters that Bradley is basically raising a sufficiency of the evidence claim following his guilty plea, which is not permitted in a direct appeal following a guilty plea. We agree.

**{¶6}** A guilty plea "is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). And a plea of guilty precludes a defendant from appealing the merits of the conviction, such that a defendant cannot claim that the facts do not support the conviction. *State v. Siders,* 78 Ohio App.3d 699, 701, 605 N.E. 2d 1283 (11th Dist.1992).

**{¶7}** By entering a guilty plea, Bradley waived the right to require the state to prove his guilt beyond a reasonable doubt. *State v. Isbell,* 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶16, citing Crim.R. 11(C)(2)(c). "Consequently, there is no evidence to consider, and the trial court was not required to determine whether a factual basis existed to support the guilty plea, prior to entering judgment on that plea. See *State v. Caldwell* (2001), Butler App. No. CA99-08-144, citing *State v. Wood* (1976), 48 Ohio

2

App.2d 339, 344, 357 N.E.2d 1106.  Appellant's plea provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction."  *Id.*

{¶8}  Bradley does not allege that his plea was not entered knowingly, intelligently, and voluntarily.  He likewise does not claim a violation of Crim.R. 11.  Thus, we need not consider the merits of his claim challenging the sufficiency of the evidence.

{¶9}  Bradley's sole assigned error lacks merit and is overruled.  The trial court's decision is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.