[Cite as *State v. Crew*, 2022-Ohio-752.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

NATHANIEL K. CREW,

        Defendant-Appellant.

CASE NOS. 2021-P-0028
2021-P-0029
2021-P-0030

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2020 CR 00667
2020 CR 00553
2020 CR 00570

# **O P I N I O N**

Decided: March 14, 2022
Judgment: Affirmed

*Victor V. Vigluicci,* Portage County Prosecutor, *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Edgar A. Ramos,* 19152 Coffinberry Boulevard, Cleveland, OH 44126 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Nathanial Crew, appeals following his convictions in the Portage County Court of Common Pleas in three cases: 2020 CR 553, 2020 CR 570, and 2020 CR 667. In 2020 CR 553, appellant was charged with one count of Kidnapping in violation of R.C. 2905.01(A)(1), a felony of the first degree; one count of Attempted Felonious Assault in violation of R.C. 2903.11, a felony of the third degree; and Grand Theft of a Motor Vehicle in violation of R.C. 2913.02, a felony of the fourth degree. In 2020 CR 570,

appellant was charged with one count of Assault of a Police Office in violation of R.C. 2903.13, a felony of the fourth degree; Assault of a Corrections Officer in violation of R.C. 2903.13, a felony of the fifth degree; Failure to Comply in violation of R.C. 2921.331, a felony of the third degree; and Escape in violation of R.C. 2921.34, a felony of the second degree. In 2020 CR 667, appellant was charged with one count of Assault on a Peace Officer in violation of R.C. 2903.13, a felony of the fourth degree.

{¶2} Appellant raises three assignments of error arguing that the material elements for his guilty plea for kidnapping were not established, that his trial counsel rendered ineffective assistance of counsel, and that the Reagan Tokes indefinite sentencing scheme is unconstitutional.

{¶3} After review of the record and the applicable caselaw, we find appellant's assignments of error to be without merit. Appellant's guilty plea precludes his assertion that the facts of his case did not support the charge of kidnapping. Next, his counsel's performance was not deficient, and he was not prejudiced by trial counsel's failure to file a motion to dismiss a criminal charge based on a sufficiency of the evidence claim or counsel's failure to enter a plea of not guilty by reason of insanity. Finally, we hold that an appeal of the unconstitutionality of the Reagan Tokes indefinite sentencing scheme is not yet ripe for review. The judgment of the Portage County Court of Common Pleas is affirmed.

**2020 CR 553**

{¶4} On July 19, 2020, Warren Township police pursued a vehicle that appellant had reportedly stolen. The pursuit ended in Portage County when appellant crashed the vehicle and officers arrested him and placed him in handcuffs inside a police cruiser.

2

Case Nos. 2021-P-0028, 2021-P-0029, 2021-P-0030

While in the backseat of the cruiser, appellant escaped from the handcuffs and crawled through the divider window to the front of the unoccupied vehicle. He then drove away in the police cruiser and officers pursued appellant until a flat tire forced him to stop. Officers again placed him in custody.

{¶5}    During appellant's booking in the Portage County Justice Center, appellant grabbed Officer Brown and put her in a choke hold while attempting to drag her into a nearby cell. Multiple officers responded to this and drew their tasers to subdue appellant. Appellant used Officer Brown as a shield, attempting to prevent officers from using their tasers. Despite this, officers did fire their tasers at appellant and were able to free Officer Brown from appellant's choke hold and place him in handcuffs.

**2020 CR 570**

{¶6}    On July 26, 2020, while appellant was in the Portage County Justice Center, appellant attacked officers distributing his medication. As officers opened the door to appellant's cell, he lunged at the officer and kicked him in the leg as he tried to run out of the cell. Officers brought appellant to the ground and attempted to restrain him. Appellant continued to struggle and grabbed at the officer's face and throat before he was subdued.

**2020 CR 667**

{¶7}    On August 29, 2020, while appellant was in the Portage County Justice Center, officers entered appellant's cell to retrieve his dinner tray and search for contraband. Appellant disregarded orders from officers to remain face down on his bunk while officers were present. Instead, he attempted to get up and then began to struggle when officers tried to restrain him. During the struggle, appellant struck an officer with an open palm before officers tasered him and secured him in handcuffs.

3

Case Nos. 2021-P-0028, 2021-P-0029, 2021-P-0030

{¶8}    Appellant initially pled not guilty to all counts and his trial counsel requested a competency evaluation be performed on appellant. The evaluator found that he was competent to stand trial. Trial counsel asked for a second evaluation, which also concluded that he was competent to stand trial. Both parties stipulated to the second report and the trial court found appellant competent to stand trial.

{¶9}    Following this, appellant entered into a plea agreement with the State. Pursuant to the agreement, in 2020 CR 553, the first-degree felony Kidnapping charge was amended to a felony of the second degree and appellant pled as charged to the Grand Theft of a Motor Vehicle. The Attempted Felonious Assault charge was dismissed. In 2020 CR 570, the second-degree felony Escape count was amended to a felony of the third degree and appellant pled as charged to the Assault on a Peace Officer and Failure to Comply counts. The remaining charges in that case were dismissed. In 2020 CR 667, the fourth-degree Assault on a Peace Officer charge was amended to Assault of a Corrections Officer, a felony of the fifth degree.

{¶10}   At the plea hearing, the court engaged in a colloquy with appellant and found that he had entered the plea knowingly, intelligently, and voluntarily. Thereafter, the trial court sentenced appellant to an indefinite prison term of seven to ten and a half years for Kidnapping, 12 months for Grand Theft of a Motor Vehicle and the two counts of Assault of a Corrections Officer. The trial court sentenced appellant to 36 months for Failure to Comply and 24 months for Escape. The court ordered that the sentences be served consecutively. At sentencing, trial counsel objected to the application of the Reagan Tokes indefinite sentencing.

4

{¶11} Following sentencing, appellant timely appealed asserting three assignments of error. This court sua sponte consolidated his cases on appeal.

{¶12} Appellant's first assignment of error states:

{¶13} "[1.] The Trial Court erred in accepting Appellant's guilty plea for the offense of Kidnapping O.R.C. 2905.01 (A)(2) 2nd degree felony as it appears in the Court record and transcript that the material elements for this offense was not established."

{¶14} In this assignment, appellant argues that there was no evidence in the record to support appellant's conviction for Kidnapping. In making this argument, appellant raises concepts of merger and sufficiency of the evidence. For merger, he argues that he committed an assault against the officer in the jail by strangling her but that there was no separate animus or risk of harm apart from the underlying assault. He also argues that the facts of the case do not satisfy the elements of Kidnapping because appellant did not remove the officer from the place where she was found.

{¶15} Appellant's arguments pertaining to merger rely upon *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979) and *State v. Jones,* 4th Dist. Hocking No. 20CA2, 2021-Ohio-2601. However, these citations to merger of offenses are inapposite in this case. Under Ohio's merger statute, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). In this case, appellant entered a guilty plea to a reduced second-degree felony Kidnapping. As part of that plea deal, the associated attempted felonious assault charge was dismissed. There is no possibility of merger in this case

Case Nos. 2021-P-0028, 2021-P-0029, 2021-P-0030

because the appellant was convicted of only one count that could be construed as an allied offense of similar import.

{¶16} Appellant also argues that there is no evidence in the record to support a Kidnapping conviction because nothing in the record demonstrates his attempt to remove the officer elsewhere. This argument is rooted in the sufficiency of the evidence. However, Appellant did not file a motion to withdraw his guilty plea and does not claim that the plea was not entered knowingly, intelligently, and voluntarily. Although appellant does not claim a Crim.R. 11 violation, he does suggest that under Crim.R. 11(G), a trial court has the authority to refuse to accept a plea of guilty or no contest. However, Crim.R. 11(G) merely describes the procedure for when a trial court rejects a plea of guilty or no contest, it does not prescribe when a trial court may not accept a plea.

{¶17} "A guilty plea 'is a complete admission of the defendant's guilt.'" *State v. Bradley*, 11th Dist. Ashtabula No. 2017-A-0070, 2018-Ohio-1671, ¶ 6, quoting Crim.R. 11(B)(1). Therefore, a guilty plea "precludes a defendant from appealing the merits of the conviction, such that a defendant cannot claim that the facts do not support the conviction." *Id.*, citing *State v. Siders,* 78 Ohio App.3d 699, 701, 605 N.E. 2d 1283 (11th Dist. 1992).

{¶18} By knowingly, intelligently, and voluntarily entering his guilty plea, appellant waived the right to require the State to prove each and every element of the offense of Kidnapping beyond a reasonable doubt. *See* Crim.R. 11(C)(2). As this was a guilty plea, the trial court was not required to determine whether a factual basis existed to support the plea prior to entering judgment. *See Bradley* at ¶ 7. This is because appellant's plea of guilty to each and every element of the offense "provides the necessary proof of the

6

elements of the crime and sufficient evidence to support the conviction." *Id.*, quoting *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16.

{¶19} Accordingly, appellant's first assignment of error is without merit.

{¶20} Appellant's second assignment of error states:

{¶21} "[2.] Appellant's Trial Attorney Rendered Ineffective Counsel."

{¶22} In his second assignment of error, appellant claims that counsel rendered ineffective assistance for failing to file a motion to dismiss appellant's Kidnapping count and for failing to enter a plea of not guilty by reason of insanity on appellant's behalf.

{¶23} In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 49, quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland* at 669. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A failure to "satisfy one prong of the Strickland test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing Strickland at 697.

{¶24} An appellant "must be able to demonstrate that the attorney made errors so serious that he or she was not functioning as 'counsel' as guaranteed by the Sixth Amendment, and that he was prejudiced by the deficient performance." *Story, supra*,

7

quoting *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 42. Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Henderson*, 8th Dist. Cuyahoga No. 88185, 2007–Ohio–2372, at ¶ 42.

{¶25} Appellant's first claim is that trial counsel was ineffective for failing to file a motion to dismiss the Kidnapping claim. In this assignment, appellant again advances the argument that there was not a sufficient factual basis to support a Kidnapping count. In criminal matters, motions to dismiss are limited to matters that are "capable of determination without the trial of the general issue." Crim.R. 12(C); *State v. Kolat*, 11th Dist. Lake No. 2001-L-117, 2002-Ohio-4699, ¶ 16. "Thus, in the criminal context, a motion to dismiss 'tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant.'" *Id.*, quoting *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165 (2nd Dist.1989). If the indictment contains allegations that constitute offenses under Ohio criminal law, then "it is premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges, and thus, a motion to dismiss must be denied." *Id.* Therefore,

8

a pretrial motion to dismiss "must not entail a determination of the sufficiency of the evidence to support the indictment because such a determination cannot properly be made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion." *Id.,* citing *State v. Abercrombie,* 12th Dist. Clermont No. CA2001-06-057, 2002-Ohio-2414, 18.

{¶26} In *State v. Lawson*, 7th Dist. Mahoning No. 12 MA 194, 2014-Ohio-879, the Seventh District, relying on *Kolat*, noted that attempting to dismiss a criminal charge based on sufficiency arguments would be futile and would not constitute ineffective assistance. *Id.* at ¶ 26. ("Thus, her counsel's strategy to not pursue sufficiency of the evidence during the motion to dismiss was a valid strategy.") Similarly, in the present case, it would have been futile for appellant's trial counsel to seek a dismissal upon the sufficiency of the State's evidence for that charge. It would have been premature and futile for appellant's counsel to challenge, in advance of trial, whether the State could satisfy its burden of proof. *See Kolat*, at ¶ 16 and *Lawson*, at ¶ 26.

{¶27} Appellant's second claim is that trial counsel was ineffective for not entering a plea of not guilty by reason of insanity on behalf of appellant. However, appellant points to nothing in the record that suggests that appellant, at the time of the commission of the offense, did not know, as a result of severe mental disease or defect, the wrongfulness of his acts. *See* R.C. 2901.01(A)(14). Further, "[a] defendant who does not plead not guilty by reason of insanity is conclusively presumed to have been sane at the time of the commission of the offense charged." R.C. 2943.03(E).

{¶28} "When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are

9

shown to have precluded the defendant from entering a knowing and voluntary plea." *State v. Barnett*, 73 Ohio App.3d 244, 250, 596 N.E.2d 1101 (2nd Dist.1991). A guilty plea waives any argument concerning an insanity defense. *State v. Jackson,* 8th Dist. Cuyahoga No. 80299, 2002-Ohio-2711, ¶ 14, citing *State v. Fore*, 18 Ohio App.2d 264, 269, 248 N.E.2d 633 (4th Dist.1969); *State v. Crawford*, 7th Dist. Mahoning No. 91 C.A. 79, 1993 WL 64254, *3; *State v. Denton*, 2nd Dist. Montgomery No. 11376, 1989 WL 159195 (Dec. 29, 1989).

{¶29} Appellant received two competency evaluations in this case. The standard for competence and the standard for finding a defendant not guilty by reason of insanity are distinct. Under R.C. 2945.37, a competency evaluation measures a defendant's ability to understand the nature and objectives of the proceeding against him and whether he is presently able to assist in his defense. However, appellant's competency evaluations point to evidence within the record that demonstrates that his trial counsel was not ineffective by not entering a not guilty plea by reason of insanity.

{¶30} At appellant's plea hearing, the trial court reviewed the procedural history of his case and noted, for the record, that

> One of the things that really always stood out to me in the December 14, 2020 evaluation from Summit Psychological is the determination that Mr. Crew certainly does suffer from different mental health issues, but more specifically, that he attempts to use fake mental health issues to his advantage. They specifically found that he was malingering and was basically lying throughout the interview in order to have the examiner view him in a different light.

Based on this information from appellant's competency report, it does not appear that trial counsel would have had a basis upon which to enter a plea of not guilty by reason of insanity. Appellant's plea of guilty waived any argument he could make about an insanity

10

defense. Moreover, the lack of evidence to support the basis for this claim, and the positive evidence that appellant malingering and lying about his mental health status indicate that his trial counsel did not render ineffective assistance of counsel as appellant claims.

{¶31} Accordingly, appellant's second assignment of error is without merit.

{¶32} Appellant's third assignment of error states:

{¶33} "[3.] The indefinite sentencing scheme of "The Reagan Tokes Law" (SB201) O.R.C. 2967.271 – Presumptions related to sentence to non-life felony indefinite prison term, is unconstitutional."

{¶34} In this assignment of error, appellant challenges the constitutionality of R.C. 2967.271, the Reagan Tokes Act. This court has held that constitutional challenges to the presumptive release provisions in the Reagan Tokes Act are not ripe for review. *See State v. Lavean*, 11th Dist. Lake No. 2020-L-045, 2021-Ohio-1456, ¶ 11-12; *see, also, State v. Woods*, 11th Dist. Lake No. 2021-L-044, 2021-Ohio-3173. "To be justiciable, a claim must be ripe for review, and a claim is not ripe 'if it rests on contingent events that may never occur at all.'" *State ex rel. Quinn v. Delaware Cty. Bd. of Elections*, 152 Ohio St.3d 568, 2018-Ohio-966, 99 N.E.3d 362, ¶ 37, quoting *State ex rel. Jones v. Husted*, 149 Ohio St.3d 110, 2016-Ohio-5752, 73 N.E.3d 463, ¶ 21. "[C]onstitutional challenges to the Reagan Tokes Act on appeal from sentencing are not yet ripe for review because it is uncertain whether the offender's release date will extend past the minimum term of imprisonment imposed." *Lavean*, *supra*, at ¶ 8. Further, it is "well established that constitutional questions are not ripe for review until the necessity for a decision arises on the record before the court." *State v. Spikes*, 129 Ohio App.3d 142, 145, 717 N.E.2d 386,

11

(11th Dist.1998). Because it is unclear whether appellant's release date will extend past the minimum term and the issues he raises depend upon a contingent, future event (and thus cannot arise on the current record), appellant's challenges are not ripe for review. [1]

{¶35} Following the precedent of this court, we conclude that appellant's third assignment of error, which argues that the constitutional issues presented by the Reagan Tokes Act are ripe for review, is without merit.

{¶36} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

---

[1] This issue of whether constitutional challenges to the Reagan Tokes Act are ripe for review is currently before the Ohio Supreme Court in the certified conflict case of *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913.

Case Nos. 2021-P-0028, 2021-P-0029, 2021-P-0030