[Cite as *State v. Meeks*, 2023-Ohio-988.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-A-0060 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| MATTHEW JAMES MEEKS, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00351 |

**O P I N I O N**

Decided: March 27, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Matthew James Meeks, appeals from his conviction and sentence for Aggravated Robbery in the Ashtabula County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On August 26, 2021, Meeks was indicted by the Ashtabula County Grand Jury for Attempted Robbery, a felony of the third degree, in violation of R.C. 2923.02 and R.C. 2911.02(A)(2); and Aggravated Robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(3).

{¶3} On October 26, 2021, Meeks filed a plea of not guilty by reason of insanity.

The court ordered a forensic evaluation to determine the issues of competence and sanity and a second evaluation pursuant to Meeks' request. A competency and sanity hearing was held on May 10, 2022, and the court found that Meeks understood the nature and objectives of the proceedings, was capable of assisting in his defense, and, at the time the offenses occurred, knew the wrongfulness of his acts. He was found "Competent and Sane to Stand Trial."

{¶4} On May 12, 2022, a Written Plea of Guilty and Plea Agreement was filed. Meeks entered a plea of guilty to Aggravated Robbery as charged in the indictment and the Attempted Robbery charge was dismissed. The State indicated that the crime occurred when Meeks went to a car wash, demanded money from the owner, threatened to kill him, and hit him in the head.

{¶5} At the plea hearing, the court inquired whether Meeks was able to read, write, and understand the English language, to which he responded that he could read but has "trouble understanding." The court informed him that it would provide him additional time to speak with his attorneys as needed during the plea hearing. The court explained to Meeks the potential term of incarceration. Meeks consulted with his attorneys and then indicated he understood the potential penalties. The court advised Meeks of the rights waived by his entry of a guilty plea. The court determined that the plea was entered voluntarily, that Meeks understood the rights being waived, and accepted his guilty plea.

{¶6} A sentencing hearing was held on June 29, 2022, at which defense counsel observed that Meeks had a prior criminal record but "only four of those convictions are for crimes of violence or crimes of aggression" and that the rest related to substance

2

abuse and mental health concerns. Counsel emphasized a history of abuse Meeks suffered and noted his mental illness. Meeks apologized for his actions and explained that he had committed the crimes while suffering from mental health conditions and following his mother's death. The victim explained that he suffered injuries to his nose and eye and detailed the stress caused to him by the event. The State recommended a sentence of ten years in prison. The court observed that Meeks had a history of misdemeanor offenses and had not responded favorably to sanctions in the past. It noted the victim's statements regarding physical and psychological harm. It also observed that Meeks had apologized for his actions. Meeks was ordered to serve an indefinite term of 10 to 15 years in prison and pay restitution in the amount of $1,561.41. This sentence was memorialized in a June 30, 2022 Judgment Entry.

{¶7} On December 9, 2022, appellate counsel filed Meeks' appellate brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel represented that he had reviewed the record, found "no meritorious issues" upon which to base an appeal, and moved to withdraw. This court granted Meeks 30 days in which "to file his own submission, if he so chooses, which raises any arguments in support of the appeal." Appellate counsel's request to withdraw was held in abeyance. Meeks has not filed any further brief or memorandum in support of his appeal.

{¶8} In *Anders,* the United States Supreme Court outlined the proper steps to be followed in this situation: "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; * * * the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; * * * counsel should furnish the indigent client with a copy of counsel's

3

brief, and time must be allowed for the client to raise any points he chooses." *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶ 5, citing *Anders* at 744. The appellate court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders* at 744. "Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Accordingly, we will proceed to conduct a review of the record, pursuant to *Anders*.

{¶9} In his brief, counsel raises one potential area for review which may arguably support the appeal: "The trial court erred in imposing a prison sentence greater than the minimum available sentence on defendant-appellant, Matthew J. Meeks." Counsel concludes this error lacks merit.

{¶10} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing," and it "shall consider the factors * * * relating to the seriousness of the conduct" and "to the likelihood of the offender's recidivism." R.C. 2929.12(A).

{¶11} In hearing an appeal of felony sentences, the appellate court reviews the record and "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b). A sentence is contrary to law when it is "in violation of statute or legal regulations" or it is imposed "based on factors or considerations that are extraneous to those [seriousness and recidivism factors] that are permitted by R.C. 2929.11 and 2929.12." *State v. Jones*, 163

4

Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34; *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

{¶12} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; *State v. Vieira*, 11th Dist. Lake No. 2021-L-110, 2022-Ohio-1636, ¶ 12. There is no mandate for judicial fact-finding but the court "is merely to 'consider' the statutory factors" contained in R.C. 2929.11 and .12. *Foster* at ¶ 42.

{¶13} Here, the court sentenced Meeks to a term that was permissible under the statutory range for a felony of the first degree, which provides that the prison term shall be an indefinite term with a minimum range of three to eleven years. R.C. 2929.14(A)(1)(a). His sentence of ten years was within this rage. The court stated that it considered the purposes and principles of sentencing as well as the seriousness and recidivism factors. It was not required to make specific findings to justify the fact that the sentence was more than the minimum, although it did note Meeks' record of misdemeanor offenses, that he had not been law-abiding in recent years, his failure to respond favorably to past sanctions, and the impact of the offense on the victim. Further, the record does not demonstrate the court considered extraneous factors in reaching its sentence. We find no error in Meeks' sentence of 10 to 15 years for Aggravated Robbery. *State v. Manyo*, 11th Dist. Ashtabula No. 2022-A-0058, 2023-Ohio-267, ¶ 19 (the "trial court's exercise of its discretion in imposing these terms was not contrary to law inasmuch as the sentences were statutorily authorized and were not based on factors or

5

considerations extraneous to those set forth in R.C. 2929.11 and 2929.12").

{¶14} There is also no meritorious issue relating to the fact that Meeks was sentenced pursuant to the Reagan Tokes Law, S.B 201, which allows for indefinite prison terms for first- and second-degree felonies. R.C. 2929.14(A)(1) and (2). This court has consistently rejected challenges to the constitutionality of Reagan Tokes, including those relating to due process, separation of powers, and the right to a fair hearing. *State v. Reffitt*, 11th Dist. Lake No. 2021-L-129, 2022-Ohio-3371; *State v. Joyce*, 2022-Ohio-3370, 197 N.E.3d 612 (11th Dist.).

{¶15} A further review of the record reveals no other meritorious issues for review, including the entry and acceptance of Meeks' plea.

{¶16} Prior to the entry of Meeks' guilty plea, he entered a written plea of not guilty by reason of insanity, underwent competency evaluations, and the court found that he was competent to stand trial and understood the wrongfulness of his acts at the time of the crime. We do not find any meritorious issues for review in relation to the NGRI plea.

{¶17} As this court and others have held, "[a] guilty plea waives any argument concerning an insanity defense." *State v. Crew*, 11th Dist. Portage Nos. 2021-P-0028, et al., 2022-Ohio-752, ¶ 28; *State v. Pepper*, 2d Dist. Miami No. 2013-CA-6, 2014-Ohio-3841, ¶ 6 (a "guilty plea constituted an implied *admission* of sanity, and the trial court's acceptance of the plea was an affirmation of its belief in [defendant's] sanity").

{¶18} As to the issue of competency, "a trial court does not abuse its discretion in finding a defendant competent where its findings of competency are supported by some reliable, credible evidence." *State v. Spurrier*, 11th Dist. Lake No. 2020-L-069, 2021-Ohio-1061, ¶ 42. "The constitutional standard for assessing a defendant's competency

6

Case No. 2022-A-0060

to enter a guilty plea is the same as that for determining his competency to stand trial." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 56. A defendant must have "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding'" and "'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

{¶19} Here, the court relied on the evaluations conducted in determining that Meeks was competent to stand trial. The evaluations support this finding and demonstrate that he was able to understand the proceedings and consult with his attorney. Thus, he was also competent to enter a plea of guilty.

{¶20} Further, a review of the plea hearing proceedings support this conclusion and reveal that his plea was entered knowingly and voluntarily. *See State v. Zachery*, 5th Dist. Stark No. 2004CA00091, 2004-Ohio-6282, ¶ 21 (defendant's competence to enter a guilty plea was supported by his actions in executing a change of plea form and expression that he understood his rights during the plea hearing). The court complied with the requirements of Crim.R. 11 in accepting the plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29 ("[t]he best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R.11 when deciding whether to accept a plea agreement").

{¶21} Pursuant to Crim.R. 11(C)(2), when a defendant pleads guilty to a felony offense, the trial court must address the defendant personally and inform him of his constitutional and non-constitutional rights prior to accepting his plea. The court was

7

required to inform Meeks of the effect of a guilty plea and that the court may proceed to judgment and sentencing, which it did in compliance with Crim.R. 11(C)(2)(b). Further, the court was required to inform him of the waiver of the rights to a jury trial, to confront witnesses, to summon witnesses, not to be compelled to testify, and to have the state prove his guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). The transcript indicates the court advised Meeks of each of these rights and he indicated his understanding of such rights. The court explained the charges and potential sentences faced by Meeks, as required by Crim.R. 11(C)(2)(a), including the indefinite nature of the sentence. The court inquired whether Meeks needed to speak to counsel about this, Meeks responded affirmatively, and he was given the chance to consult with counsel. He then indicated his understanding of these rights. There is nothing in the record to indicate that the plea was not entered knowingly and voluntarily or without proper advisement of Meeks' rights.

{¶22} Finally, we find no error as to the order of restitution. R.C. 2929.18(A)(1) provides that financial sanctions for a felony may include: "Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." "'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L). Here, the victim explained that Meeks' attack, which occurred while he was working at his car wash filling the auto cashier machines, caused him to lose the keys to those machines, resulting in the expense of redrilling the locks. We find no error in this order of restitution.

{¶23} Having thus duly conducted an independent review of the record, we conclude that the present appeal is wholly frivolous and there are no arguable issues necessitating the appointment of new counsel. Counsel's Motion to Withdraw is granted

8

and the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

9