[Cite as *State v. Lorraine*, 2024-Ohio-1343.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

PAMELA J. LORRAINE,

        Defendant-Appellant.

CASE NO. 2023-T-0040

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00251

**O P I N I O N**

Decided: April 9, 2024
Judgment: Affirmed in part, remanded

*Dennis Watkins,* Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*James R. Eskridge*, Megargel, Eskridge, & Mullins, LLP, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}    Appellant, Pamela J. Lorraine ("Lorraine"), appeals her conviction for robbery, a felony of the third degree, from the Trumbull County Court of Common Pleas.

{¶2}    On March 5, 2022, Lorraine and her son, Steven Lorraine, entered Menards in Bazetta Township in Trumbull County. During the visit, the two were observed by loss prevention officers through the store's video security system. The officers watched Lorraine place a video camera in her purse and then watched her son place a phone

charger in his pants. Lorraine placed several other items in a shopping cart, and the pair exited the store without paying for the items.

{¶3} Upon leaving, the loss prevention officers approached Lorraine and her son. One of the officers asked Lorraine, who exited first, to look in her purse. When the officer attempted to retrieve the camera from Lorraine's purse, she pushed him away. According to transcripts, not knowing who the loss prevention officer was, Lorraine's son then "took swings" at the officer, knocking his glasses off.

{¶4} Lorraine was indicted on April 26, 2022, on one count of robbery, a felony of the second degree. On February 27, 2023, Lorraine entered a guilty plea to an amended indictment of robbery, a felony of the third degree. A sentencing hearing was held on May 24, 2023, where Lorraine was sentenced to a prison term of 30 months plus fines and costs. Lorraine now timely appeals her conviction.

{¶5} In her initial brief, appellant raised the following assignments of error:

[1.] "Appellant's plea was not made knowingly, intelligently, and voluntarily due to ineffective assistance from her trial counsel, who allowed her to enter a plea of guilty despite there being no factual basis to support a finding of guilty."

[2]. "The trial court erred by sentencing appellant to a near-maximum term of imprisonment."

{¶6} Appellant subsequently sought leave to file a supplemental brief and raised the following additional assignment of error: "The portion of sentence imposed by the trial court that prohibits Ms. Lorraine's participation in any program designed to shorten her sentence was contrary to law."

2

Case No. 2023-T-0040

{¶7} Lorraine's first assignment of error contends that she did not give her guilty plea knowingly, intelligently, and voluntarily due to the ineffectiveness of her trial counsel, because there was no factual basis to support a finding of guilt.

{¶8} Lorraine asserts the reason she did not enter her plea of guilty knowingly, intelligently, or voluntarily is because her trial counsel did not advise her that the State did not have enough facts to support a finding of guilty.

{¶9} Lorraine's first assignment of error is framed as a knowingly, voluntarily, intelligently accepted guilty plea error. However, the analysis of the issues raised under Lorraine's first assignment of error asks this Court to review the sufficiency of the evidence and the effectiveness of Lorraine's trial counsel.

> 'A guilty plea "is a complete admission of the defendant's guilt." *State v. Bradley*, 11th Dist. Ashtabula No. 2017-A-0070, 2018-Ohio-1671, ¶ 6, quoting Crim.R. 11(B)(1). Therefore, a guilty plea "precludes a defendant from appealing the merits of the conviction, such that a defendant cannot claim that the facts do not support the conviction." *Id.*, citing *State v. Siders*, 78 Ohio App.3d 699, 701, 605 N.E. 2d 1283 (11th Dist. 1992).'
>
> By knowingly, intelligently, and voluntarily entering his guilty plea, appellant waived the right to require the State to prove each and every element of the offense * * * beyond a reasonable doubt. *See* Crim.R. 11(C)(2). As this was a guilty plea, the trial court was not required to determine whether a factual basis existed to support the plea prior to entering judgment. *See Bradley* at ¶ 7. This is because appellant's plea of guilty to each and every element of the offense "provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction." *Id.*, quoting *State v. Isabell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16.

*State v. Crew*, 11th Dist. Portage No. 2021-P-0028, 2021-P-0029, 2021-P-0030, 2022-Ohio-752, ¶ 17.

3

{¶10}   Lorraine does not deny that she committed a theft offense. "The element of force (or harm) differentiates robbery from theft." *State v. Muncy*, 11th Dist. Ashtabula No. 2011-A-0066, 2012-Ohio-2830, ¶ 19. Lorraine contends that her theft did not rise to the level of a robbery. In Lorraine's brief, counsel asserts, "[t]he state's factual basis did not allege that Ms. Lorraine used or threatened the use of force against another in committing a theft offense as is required by R.C. 2911.02(A)(3)." However, Lorraine waived her ability to appeal sufficiency when she entered her guilty plea, and the trial court was under no obligation to determine if a factual basis existed to support the plea. *Crew, supra at* ¶ 17.

{¶11}   A guilty plea also precludes an appeal for ineffective assistance of counsel, with an exception to where a plea was not given knowingly, voluntarily, and intelligently. *State v. Cleavenger*, 11th Dist. Portage No. 2019-P-0036, 2020-Ohio-73, ¶ 18.

> 'As a general proposition, the Supreme Court of Ohio has stated that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.*, quoting *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351, 1992-Ohio-130 (citation omitted). "Consequently, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea. This also includes a waiver of any action which may have resulted in a 'deprivation' of a constitutional right that did not affect the knowing and voluntary character of the plea." *Id.* (Citation omitted).
>
> 'The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is *not* sufficient to establish the requisite connection between guilty plea and the ineffective assistance. * * * Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily.' *State v. Bean*, 11th Dist. No. 2008-G-2839, 2009-Ohio-682, at ¶ 11, citing *State v. Madeline*, 2002-Ohio-1332, 2002 Ohio App. LEXIS

4

1348, at *10 (citations omitted); *State v. Smith*, 11th Dist. No. 2007-T-0076, 2008-Ohio-1501, at ¶ 27 (citation omitted).

*State v. Davies*, 11th Dist. Lake No. 2008-L-121, 2009-Ohio-2793, ¶ 8-9.

**{¶12}** Lorriane's contention that she would not have entered a guilty plea if not for the ineffective assistance of counsel is not enough to establish that her plea was not given knowingly and voluntarily. *Id.*

**{¶13}** "[T]his [C]ourt reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Dundics*, 2016-Ohio-1368, 62 N.E.3d 1013, ¶ 10 (11th Dist.)." *State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, ¶ 51 (11th Dist.).

**{¶14}** Crim.R. 11(C)(2)(a) provides in relevant part:

> (2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

**{¶15}** During the February 27, 2023 plea hearing, the following exchange occurred as the trial court explained to Lorraine what the State was required to prove:

> THE COURT: I have before me a Finding of a Guilty Plea to an Amended Indictment charging you with Robbery, a felony of the third degree. Is that your signature?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Anyone make promises to get you to plead guilty here today?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: * * * If this case were to proceed to trial, the State would have to prove what you did, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense, did use or threaten the immediate use of

5

force against another, here in Trumbull County, Ohio. The penalty for this offense is 9, 12, 18, 24, 30, or 36 months and up to a $10,000.00 fine. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

{¶16} During the sentencing hearing held on May 24, 2023, this additional exchange occurred when Lorraine began to deny that she stole anything from Menards on May 5, 2022:

> THE DEFENDANT: * * * I did not steal. They got no merchandise off me. I was not looking – like, if you see the video, I had a party light –"
>
> THE COURT: Well, ma'am, that is irrelevant at this point in time because you have pled guilty to Robbery, a felony of the third degree. * * *
>
> THE DEFENDANT: Okay.
>
> THE COURT: Are you contesting it? Do you not want to plead guilty?
>
> THE DEFENDANT: No.

{¶17} The record shows that the trial court accepted Lorraine's guilty plea in compliance with Crim.R. 11. Lorraine's plea was given knowingly, intelligently, and voluntarily. Therefore, Lorraine's first assignment of error is without merit.

{¶18} Lorraine's second assignment of error asserts that the trial court erred when it sentenced Lorraine to the "near-maximum term of imprisonment."

{¶19} This Court noted recently in *State v. Lamb*, 11th Dist. Portage No. 2022-P-0084, 2023-Ohio-2834, ¶ 9-10:

> R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly

6

finds * * * [t]hat the sentence is * * * contrary to law.' R.C. 2953.08(G)(2)(b); *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11.

A sentence is contrary to law when it is 'in violation of statute or legal regulations' * * *." *Meeks* at ¶ 11, quoting State v. Jones, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. Thus, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11, quoting *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 74; see also *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18.

{¶20} Lorraine contends in her brief that her son received "only three years of probation for the same conviction arising from the same event."

{¶21} The appellate court is precluded from reweighing the evidence in the record and supplanting its judgment for that of the trial court:

[T]he Ohio Supreme Court recently held that * * * 'R.C. 2953.08(G)(2)(b) * * * "does *not* provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."'

*State v. Stanley*, 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 10, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.

{¶22} R.C. 2929.11 and R.C. 2929.12 lay out the overriding principles and purposes factors for felony sentencing.

{¶23} R.C. 2929.11 provides in relevant part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the

7

offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for
similar crimes committed by similar offenders. * * *

{¶24} During the sentencing hearing, the trial court explained:

The Court has considered the overriding principles and purposes of felony sentencing and has further considered all relevant seriousness and recidivism factors contained in 2929.11 and 2929.12. The Court finds that the Defendant has prior felony convictions and a lengthy misdemeanor record. The Defendant has been on community control and probation on multiple occasions for the past 20 years. The Defendant was placed in Drug Court for her last felony conviction in 2018. Defendant was negatively terminated and sentenced to prison on that offense. The Defendant has served a prior prison term. The offender is a high risk to re-offend. A prison term is proportional to the Defendant's conduct. A prison term is consistent with similarly situated offenders.

{¶25} The trial court further explained "[t]he Court has reviewed the presentence investigation prepared by the Adult Probation Department and the record."

{¶26} R.C. 2929.11 and R.C. 2929.12 require the trial court to consider factors relevant to the offender, the offender's conduct, the offender's likelihood to reoffend, and other factors as applied to the offender being sentenced. Lorraine's assertion would have the appellate court consider the required statutory factors as applied to her son in *comparison* to hers, based on the single offense at hand. Not only is Lorraine's assertion

8

outside of the scope of what the law permits, she is essentially asking this Court to go outside the record and reweigh the factors supplanting this Court's judgment for the judgment of the trial court. We are precluded from doing so by App. R. 12(A)(1)(b) of the rules of appellate procedure and *Jones, supra* ¶ 42. Lorraine's presentence investigation report indicates that she has a lengthy criminal history, and the sentence given is well within the statutory range for the offense. Nothing in the record indicates that the trial court's sentence is contrary to law. Therefore, Lorraine's second assignment of error is without merit.

{¶27} In appellant's supplemental assignment of error, she alleges a portion of her sentence, which prohibits her participation in any program designed to shorten her sentence, is contrary to law.

{¶28} Specifically, appellant asserts that she has been prohibited from participating in the programs wherein she could earn credit toward her sentence in accordance with R.C. 2967.193 (A)(2). Appellant concedes that she is not eligible to earn credit under R.C. 2967.193(A)(3) due to her conviction.

{¶29} R.C. 2967.193 (A)(2) provides in relevant part:

> [A] person confined in a state correctional institution or placed in the substance use disorder treatment program may provisionally earn one day or five days of credit, * * * toward satisfaction of the person's stated prison term, * * * for each completed month during which the person, if confined in a state correctional institution, productively participates in an education program, vocational training, employment in prison industries, treatment for substance abuse, or any other constructive program developed by the department of rehabilitation and correction with specific standards for performance by prisoners or during which the person, if placed in the substance use disorder treatment program, productively participates in the program.

9

Case No. 2023-T-0040

**{¶30}** R.C. 2967.193 authorizes the department of rehabilitation and correction to determine a prisoner's eligibility to earn credit, to calculate the amount of credit earned, to award that credit to the prisoner, as well as to reduce credits previously earned upon a violation of prison rules. *State v. Livingston*, 2014-Ohio-1637, 9 N.E.3d 1117, ¶ 7 (1st Dist.). *See State v. Caputo*, 11th Dist. Lake No. 2014-L-010, 2015-Ohio-4829, ¶ 10. R.C. 2967.193 does not provide the judiciary with a role in determining eligibility. *Id.* However, a sentencing court does have the authority to determine a defendant's eligibility to be placed in an intensive prison program under R.C. 5120.032(B)(1)(a). A trial court can also disapprove a defendant's transfer into a transitional control program. *Livingston* at ¶ 7–9.

**{¶31}** The sentencing provision at issue is as follows:

> "The Defendant is not permitted to participate in any Department of Rehabilitation and Corrections early release, transitional control, alternative housing placement, or any other program currently run by the Department of Rehabilitation and Correction or developed in the future designed to shorten the sentence imposed by this Court."

**{¶32}** Appellant asserts that she has been prohibited from participating in the programs pursuant to R.C. 2967.193(A)(2) based on this language. In the instant case, the trial court prohibits appellant's participation in any program "designed to shorten the sentence imposed." This language would necessarily include the earned credit program. While appellant is not guaranteed to be declared eligible for earned credit, the trial court is without the authority to prohibit participation.

**{¶33}** However, a review of the transcripts from the sentencing hearing establishes that while the trial court stated, "[t]he Defendant shall not be placed on any programming to be eligible for any early release," the trial court also advised appellant at sentencing:

10

"You may be eligible one or five days of credit for each completed month for which you productively participate in an education program, vocational training, employment in prison industry, treatment for substance abuse and any other constructive program developed by the Ohio Department of Corrections. However, these credits are not automatically awarded but must be earned."

{¶34} This language mirrors the language contained in R.C. 2967.193(A)(3). However, this advisement was not included in the sentencing entry.

{¶35} "It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163–164, 656 N.E.2d 1288; Crim.R. 36." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. A trial court may use nunc pro tunc entries "to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." *Id.* citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15; Crim.R. 36.

{¶36} Because the trial court did advise appellant of the possibility of the earned credit program at sentencing, we conclude that her sentence is not contrary to law. However, upon review of the record, the trial court's sentencing entry does not reflect what the trial court decided and announced at appellant's sentencing hearing regarding the potential for earned credit. Therefore, this matter is remanded for the trial court to include in its entry the language pursuant to R.C. 2967.193(A)(3) which was announced at sentencing.

Case No. 2023-T-0040

{¶37} For the foregoing reasons, we affirm the judgment of the Trumbull County Court of Common Pleas, but remand for correction of the sentencing entry consistent with this opinion.

EUGENE A. LUCCI, P.J.,

JOHN E. EKLUND, J.,

concur.

Case No. 2023-T-0040